**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., <br><br>    Plaintiff, <br><br> v. <br><br> CHRISTIE'S INTERNATIONAL PLC, <br><br>    Defendant. | **CASE NO. 2:24-CV-00647-JRG (LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| BEST BUY CO., INC. <br>    Defendant. | **CASE NO. 2:24-cv-00648-JRG (MEMBER CASE)** |
| COSTCO WHOLESALE CORPORATION <br>    Defendant. | **CASE NO. 2:24-cv-00649-JRG (MEMBER CASE)** |

**DEFENDANT CHRISTIE'S INTERNATIONAL PLC'S
<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 2

    A. Global Connect's complaint ............................................................................... 2

    B. Christie's International ........................................................................................ 3

III. LEGAL STANDARDS .................................................................................................... 4

    A. Dismissal under Fed. R. Civ. P. 12(b)(6) ............................................................ 4

    B. Dismissal under Fed. R. Civ. P. 12(b)(2) ............................................................ 5

    C. Dismissal under Fed. R. Civ. P. 12(b)(5) or Fed. R. Civ. P. 4(m) ...................... 6

IV. ARGUMENT .................................................................................................................... 7

    A. Global Connect's complaint must be dismissed pursuant to Federal Rule 12(b)(6) because Christie's International has had no involvement in the design, development, maintenance, operation, or use of the Christie's Website. ............................................................................................................. 7

    B. Global Connect's complaint must be dismissed pursuant to Federal Rule 12(b)(2) because Christie's International has no contacts with Texas and has not availed itself of this Court's jurisdiction. ................................................ 8

    C. Global Connect's complaint must be dismissed pursuant to Federal Rule 12(b)(5) and/or Federal Rule 4(m) because Christie's International still has not been served with the complaint. ..................................................................... 9

V. CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*3D Sys., Inc. v. Aarotech Lab'ys, Inc.*,
  160 F.3d 1373 (Fed. Cir. 1998) .................................................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5, 6

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009) ......................................................................................... 6, 7, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................... 5

*DDC Tech., LLC v. Structural Graphics, LLC*,
  WL 17813705 (N.D. Tex. Dec. 19, 2022) ........................................................................ 7, 11, 12

*Est. v. Warren*,
  WL 8135306 (E.D. Tex. Aug. 20, 2019) ..................................................................................... 8

*Franklin v. Apple*,
  569 F. Supp. 3d 465 (E.D. Tex. 2021) .................................................................................. 5, 10

*Gartin v. Par Pharm. Cos., Inc.*,
  289 F. App'x 688 (5th Cir. 2008) ................................................................................................ 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ..................................................................................................................... 7

*Johnston v. Multidata Sys. Int'l Corp.*,
  523 F.3d 602 (5th Cir. 2008) ....................................................................................................... 6

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ..................................................................................................................... 9

*NexLearn, LLC v. Allen Interactions, Inc.*,
  859 F.3d 1371 (Fed. Cir. 2017) ................................................................................................. 12

*Quinn v. Miller*,
  470 F. App'x 321 (5th Cir. 2012) ................................................................................................ 8

*Sangha v. Navig8 ShipManagement Priv. Ltd.*,
  882 F.3d 96 (5th Cir. 2018) ......................................................................................................... 6

*Von Hapsburg v. Cont'l Ret. Holdings, Inc.*,
  WL 10699476 (W.D. Tex. Aug. 20, 2009) .................................................................................. 9

**Statutes**

Tex. Civ. Prac. Rem. Code § 17.044 ................................................................................... 1, 10

**Rules**

Federal Rule 12(b)(1)............................................................................................... 1, 8, 10

Federal Rule 12(b)(2)........................................................................................ 1, 5, 8, 9, 10

Federal Rule 12(b)(4).......................................................................................................... 6

Federal Rule 12(b)(5).......................................................................................... 2, 6, 9, 10

Federal Rule 12(b)(6).......................................................................................................... 4

Federal Rule 4(m) ............................................................................................. 1, 6, 7, 9, 10

Christie's International PLC ("Christie's International") respectfully moves to dismiss with prejudice the complaint in the above-captioned case filed by Global Connect Technology, Inc. ("Plaintiff" or "Global Connect") pursuant to Federal Rules of Civil Procedure 12(b) and/or 4(m).

## I.      INTRODUCTION

Global Connect's complaint must be dismissed because Christie's International does not itself engage in, nor does it direct or control, any of the conduct accused of infringement in Global Connect's complaint. Christie's International is a holding company that does not have any employees and does not make, use, offer to sell, or sell any products or services. More specifically, Christie's International has never had any involvement in the design, development, maintenance, operation, or use of the website https://www.christies.com/, the "system" accused of infringement in Global Connect's complaint (hereinafter, the "Christie's Website"). *See* D.I. 1[1] at ¶ 24. Because Christie's International has not been involved in the design, development, maintenance, operation, or use of the Christie's Website, the complaint against Christie's International must be dismissed for failure to state a claim under Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6).

Additionally, as a foreign holding company with no employees that does not itself trade or offer any products or services, Christie's International does not have any contacts with the state of Texas. Because Christie's International has not availed itself of this Court's jurisdiction and does not have the necessary minimum contacts with the state of Texas, the complaint against Christie's International must be dismissed for lack of personal jurisdiction under Federal Rule 12(b)(2).

Finally, Global Connect purports to have served its complaint on Christie's International using Texas's provisions for substituted service via the Texas Secretary of State, but that option can be used only for companies engaged in business in the state of Texas. *See* Tex. Civ. Prac. Rem.

---

[1] Citations to docket entries herein refer to entries in Lead Case No. 2:24-cv-00647, prior to this Court's February 18, 2025 Consolidation Order.

1

Code § 17.044. Christie's International does not engage in any business in Texas, and therefore, service on the Texas Secretary of State is ineffective. Moreover, as Christie's International still has not been served with a copy of the complaint, through the Texas Secretary of State or otherwise, Global Connect's complaint should be dismissed for insufficient service of process under Federal Rule 12(b)(5). Global Connect also did not attempt even its deficient service of the complaint until well after the 90 days required for service under Federal Rule 4(m, and therefore, Global Connect's complaint must be dismissed on this ground as well.

Each of the above grounds provides an independent basis for the dismissal of Global Connect's complaint against Christie's International. Moreover, Global Connect cannot remedy the deficiencies in its complaint as to this defendant. Therefore, Christie's International respectfully requests that dismissal be with prejudice.

## II.    FACTUAL BACKGROUND

### A.    Global Connect's complaint

Global Connect filed its complaint against Christie's International on August 8, 2024. D.I. 1. Therein, Global Connect provides only conclusory and superficial allegations regarding jurisdiction and venue. *Id.* at ¶¶ 3-7. For example, Global Connect alleges:

- "[Christie's International] conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established minimum contacts with this forum state," *id.* at ¶ 4;

- "[Christie's International] regularly does and solicits business herein, and/or . . . has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District," *id.* at ¶ 5;

- "[Christie's International] relies on the infringing database selection device . . . to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District," *id.* at ¶ 6; and

- "[Christie's International] is a foreign entity which maintains a regular and

2

established business presence in the United States," *id.* at ¶ 7. Global Connect provides no proof or supporting material or documentation for these conclusory allegations.

The only purported basis for relief identified in Global Connect's complaint is the alleged infringement of U.S. Patent No. 7,246,128 B2 (the "'128 patent"). D.I. 1 at ¶¶ 26-31. Specifically, Global Connect alleges that "Christie's [International] has developed of (sic) offered systems that infringe the '128 Patent, and which include at least, but not limited to, the Christie's website https://www.christies.com/, among other web addresses, including all augmentations to these systems." *Id.* at ¶ 24. Activities concerning the Christie's Website are the only basis for any alleged infringement provided in Global Connect's complaint. *Id.* at ¶¶ 24-25.

Although Global Connect's complaint was filed on August 8, 2024, Global Connect does not appear to have attempted service until December 3, 2024, 117 days after filing the complaint. On December 11, 2024, Global Connect filed an "Affidavit of Service" with this Court dated December 4, 2024, in which a process server indicates that the Texas Secretary of State was served with Global Connect's complaint against Christie's International on December 3, 2024. D.I. 4. To date, Christie's International still has not been served with Global Connect's complaint, either through the Texas Secretary of State or otherwise. *See* Declaration of Matthew Diaz, attached hereto as Exhibit ("Ex.") A at ¶ 7.

**B.     Christie's International**

Christie's International is a foreign company organized as a Public Limited Company under the laws of the United Kingdom. Ex. A at ¶ 4. Christie's International is the parent organization for all Christie's-affiliated entities, but Christie's International operates solely as a holding company. *Id.* at ¶ 5. It does not make, use, offer to sell, or sell any products or services. *Id.* Christie's International does not have any employees. *Id.*

Christie's International does not own the Christie's Website nor does it direct or control activities associated with the Christie's Website. Ex. A at ¶ 9. The Christie's Website is owned by a separate company, Christie Manson & Woods Limited ("CMW"), a foreign company organized under the laws of the United Kingdom. *Id.* at ¶ 10. Individuals involved with the development and/or maintenance of the Christie's Website are predominantly employed by either CMW or Christie's Inc., a domestic company incorporated under the laws of the state of New York. *Id.* at ¶¶ 12-13. CMW and Christie's Inc. are indirect subsidiaries of Christie's International, both of which maintain their own governance and operational structure. *Id.* at ¶ 14. Any listing and/or sale of an item on the Christie's Website is conducted by a Christie's-affiliated entity located in the region of the sale in question, not by Christie's International. *Id.* at ¶ 15. Additionally, revenues from a sale are collected by the entity that organizes the sale. *Id.* at ¶ 16. Accordingly, Christie's International has nothing to do with the listing and/or sale of items on the Christie's Website and does not collect any revenue from such sales. *Id.* at ¶ 17.

### III.  LEGAL STANDARDS

#### A.  Dismissal under FED. R. CIV. P. 12(b)(6)

Federal Rule 12(b)(6) provides that a complaint can be dismissed for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Federal Rule 12(b)(6), courts consider the pleading standards as articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See, e.g., Franklin v. Apple*, 569 F. Supp. 3d 465, 472 (E.D. Tex. 2021). As articulated in those decisions, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Additionally, although well-pleaded facts in the complaint must be considered in the light most favorable to the plaintiff, pleadings that "are no more than

4

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

As previously recognized in this District, "[i]n *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion." *Franklin*, 569 F. Supp. 3d at 472. "First, the Court should identify and disregard conclusory allegations, for they are 'not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 664 ). "Second, the Court 'consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief.'" *Id.*

### B. Dismissal under Fed. R. Civ. P. 12(b)(2)

Federal Rule 12(b)(2) provides that a complaint can be dismissed for lack of personal jurisdiction. Federal Circuit case law is controlling on questions related to personal jurisdiction in cases involving patent infringement. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009)  "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Id.* at 1017 (cleaned up). However, "[b]ecause the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

Additionally, personal jurisdiction can be based on either general or specific jurisdiction:

> General jurisdiction, on one hand, requires that the defendant have "continuous and systematic" contacts with the forum state and confers personal jurisdiction even when the cause of action has no

> relationship with those contacts. Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic.

*Autogenomics*, 566 F.3d at 1017 (cleaned up) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

"[W]hen a defendant challenges a plaintiff's grounds for personal jurisdiction, the plaintiff must respond by establishing a basis for personal jurisdiction by presenting at least comparable levels of proof." *DDC Tech., LLC v. Structural Graphics, LLC*, No. 3:22-CV-1263-B, 2022 WL 17813705, at *4 (N.D. Tex. Dec. 19, 2022) (cleaned up). Additionally, in considering questions regarding personal jurisdiction, "the 'corporate form is not to be lightly cast aside,' and courts generally avoid imputing one corporate entity's contacts to an affiliated entity unless 'specific, unusual circumstances call for an exception.'" *Id.* at *6 (quoting *3D Sys., Inc. v. Aarotech Lab'ys, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998)).

    **C.**    **Dismissal under FED. R. CIV. P. 12(b)(5) or FED. R. CIV. P. 4(m)**

Federal Rule 12(b)(5) provides that a complaint can be dismissed for insufficient service. "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed.)). Additionally, "[t]he party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Est. v. Warren*, No. 6:18-CV-550, 2019 WL 8135306, at *3 (E.D. Tex. Aug.

20, 2019), *report and recommendation adopted*, No. 6:18-CV-00550, 2020 WL 1031030 (E.D. Tex. Mar. 3, 2020) (quoting *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)); *see also Von Hapsburg v. Cont'l Ret. Holdings, Inc.*, No. A-09-CA-304-SS, 2009 WL 10699476, at *1 (W.D. Tex. Aug. 20, 2009) ("[I]nsufficient service of process implicates a court's authority to exercise personal jurisdiction over a defendant.").

Separately, Federal Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added).

### IV.     ARGUMENT

#### A.     Global Connect's complaint must be dismissed pursuant to Federal Rule 12(b)(6) because Christie's International has had no involvement in the design, development, maintenance, operation, or use of the Christie's Website.

Put simply, Global Connect's complaint against Christie's International must be dismissed because, among other issues, Global Connect sued a party with no connection to the subject matter of this case. Global Connect's allegations of patent infringement relate solely to operations of the Christie's Website, D.I. 1 at ¶¶ 24-25, but Christie's International did not and does not develop, operate, or otherwise manage that website, Ex. A at ¶ 9. In fact, Christie's International does not have any employees and does not make, use, offer to sell, or sell any products or services. *Id.* at ¶ 5. Therefore, Christie's International does not engage in any activities that could be considered alleged infringement of the patent identified in Global Connect's complaint.

Global Connect's complaint includes barebones allegations concerning supposed infringement based on the Christie's Website, but no facts tying Christie's International to that website. D.I. 1 at ¶¶ 24-25. Moreover, Christie's International has provided a sworn declaration

7

establishing that Christie's International has no employees and does not develop, operate, or otherwise manage the Christie's Website. Ex. A at ¶¶ 5, 9. Thus, Global Connect's complaint fails under the two-step inquiry used for motions to dismiss under Federal Rule 12(b)(6): the conclusory allegations regarding Christie's International must be set aside, and because Christie's International does not have any involvement with the Christie's Website, there is no basis to maintain a plausible cause of action against this defendant. *See Franklin*, 569 F. Supp. 3d at 472.[2] Accordingly, Global Connect's complaint against Christie's International must be dismissed for failure to state a claim under Federal Rule 12(b)(6).

> **B.    Global Connect's complaint must be dismissed pursuant to Federal Rule 12(b)(2) because Christie's International has no contacts with Texas and has not availed itself of this Court's jurisdiction.**

A related but independent ground for dismissal of Global Connect's complaint is that this Court does not have personal jurisdiction over Christie's International. Christie's International does not conduct any business in the United States, much less in Texas. Ex. A at ¶ 6. Christie's International does not have any employees, much less employees in Texas. *Id.* at ¶ 5. Therefore, there is no basis to suggest that Christie's International has "continuous and systematic" contacts with Texas to support this Court exercising general jurisdiction over Christie's International— indeed, Christie's International has no contacts whatsoever with Texas. *See Autogenomics*, 566 F.3d at 1017.

Additionally, this Court does not have specific jurisdiction over Christie's International because Christie's International does not develop, operate, or otherwise manage the Christie's Website. Under similar circumstances, in *DDC Technology*, defendant was accused of patent

---

[2] Similarly, because Christie's International has not engaged in any of the acts that are accused of infringement in Global Connect's complaint, this Court does not have subject-matter jurisdiction over Christie's International. The complaint is therefore also subject to dismissal pursuant to Federal Rule 12(b)(1).

8

infringement but maintained "that [plaintiff] sued the wrong entity within the broader corporate family." 2022 WL 17813705, at *2. There, as here, defendant "countered [plaintiff]'s allegations with specific declarations establishing that [defendant] has no physical presence or employees in Texas." *Id.* at *4. "In short, [defendant] successfully challenged [plaintiff]'s grounds for personal jurisdiction with declaration evidence showing [defendant] is not the corporate entity operating in Texas." *Id.* Just as in *DDC Technology*, Christie's International has no operations, employees, or even a physical presence in Texas.[3] Ex. A at ¶¶ 5-6. Therefore, Global Connect's complaint against Christie's International must be dismissed for lack of personal jurisdiction under Federal Rule 12(b)(2). Additionally, because Christie's International has no contacts with the state of Texas, dismissal should be with prejudice.

      **C.**      **Global Connect's complaint must be dismissed pursuant to Federal Rule 12(b)(5) and/or Federal Rule 4(m) because Christie's International still has not been served with the complaint.**

Global Connect's complaint must be dismissed pursuant to Federal Rule 12(b)(5) and/or Federal Rule 4(m) because Global Connect's complaint was not served on Christie's International within 90 days of filing the complaint and indeed *still* has not been served on Christie's International. Global Connect filed an executed summons purporting to show service on the Texas Secretary of State on December 3, 2024—117 days after filing its complaint. *Compare* D.I. 1 *with*

---

[3] As established above, Christie's International also has no involvement with the Christie's Website, and therefore, no virtual presence in Texas. However, even if Global Connect had identified the corporate entity(ies) that developed, operate, and/or manage the Christie's Website, such contacts alone are insufficient to establish personal jurisdiction. *See, e.g., NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017) ("The existence of [defendant]'s website, without more, is insufficient to show that [defendant] has minimum contacts with Kansas."); *DDC Tech.*, 2022 WL 17813705, at **4-5 ("merely maintaining a website that can be accessed in the forum state is nowhere near the type of 'systematic and continuous' contacts necessary for general jurisdiction," and as to specific jurisdiction, "even assuming [defendant] was the entity responsible for the website, the website alone is insufficient to establish minimum contacts with Texas").

9

D.I. 4. Therefore, under even the most generous interpretation of Global Connect's actions, Global Connect failed to abide by the requirements of Federal Rule 4(m), which requires that a defendant be served within 90 days after the complaint is filed.

Global Connect's attempted service on the Texas Secretary of State also suffers from a more fundamental problem. Substituted service on the Texas Secretary of State is effective only "for service of process on a nonresident ***who engages in business in this state***, but does not maintain a regular place of business in this state or a designated agent for service of process." Tex. Civ. Prac. Rem. Code § 17.044(b) (emphasis added). Christie's International does not engage in business in this state. Ex. A at ¶¶ 5-6. Therefore, substituted service on the Texas Secretary of State is not available with respect to Global Connect's complaint against Christie's International. Additionally, Christie's International still has not been served with a copy of Global Connect's complaint, neither via the Texas Secretary of State nor through any other means. Thus, even if substituted service were available here, which it undoubtedly is not, it still has not been perfected.

For all these reasons, Global Connect's complaint against Christie's International must be dismissed for insufficient service under Federal Rule 12(b)(5) and/or Federal Rule 4(m).

## V.  CONCLUSION

For the foregoing reasons, Christie's International respectfully requests that the Court dismiss this action pursuant to Federal Rule 12(b)(1), (2), (5), and/or (6) and/or Federal Rule 4(m), each of which independently justifies dismissal of Global Connect's complaint. Moreover, because Global Connect sued the wrong corporate entity and no amendment would suffice to allege a plausible cause of action against Christie's International, Christie's International respectfully requests that dismissal be with prejudice.

Dated: February 24, 2025               Respectfully submitted,

                                                             /s/ *Joshua P. Davis*
                                                             Joshua P. Davis
                                                             Texas Bar No. 24059626
                                                             WOMBLE BOND DICKINSON (US) LLP
                                                             717 Texas Avenue, Suite 2100
                                                             Houston, TX 77002
                                                             Telephone: (346) 998-7810
                                                             Joshua.P.Davis@wbd-us.com

                                                          **Attorney for Defendant Christie's International PLC**

11

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on February 24, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

/s/ *Joshua P. Davis*
Joshua P. Davis