**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC. | Case No. 2:24-cv-00647-JRG |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | (LEAD CASE) |
| CHRISTIES INTERNATIONAL PLC, | |
| Defendant. | |
| GLOBAL CONNECT TECHNOLOGY, INC. | Case No. 2:24-cv-00648-JRG |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | (MEMBER CASE) |
| BEST BUY CO., INC. AND BESTBUY.COM, LLC | |
| Defendant. | |

**BEST BUY CO., INC. AND BESTBUY.COM, LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

ARGUMENT.................................................................................................................................4

I.     The Court should Dismiss Plaintiff's Infringement Allegations With Prejudice .....................4

       A.     Plaintiff's First Amended Complaint Should Be Dismissed …………………………...5

              1.     The chart fails to identify the "host processor" – element [a] of claim 21. ..........6

              2.     The chart fails to provide factual allegations regarding "a user interface
                     controlled by the host processor for inputting points of view to the system"
                     – element [b] of claim 21. ....................................................................................7

              3.     The chart fails to provide sufficient factual allegations regarding "a
                     connections generator controlled by the host processor … generate
                     connections between elements in the points of view and metadata of data
                     sources" – element [c] of claim 21. ......................................................................7

              4.     The claim chart fails to provide sufficient factual allegation for "a
                     connections database … having a data structure including degrees of
                     matching between data elements in the connections database and the
                     metadata" – element [d] of claim 21.....................................................................9

              5.     The claim chart fails to provide sufficient factual allegation for "matching
                     applications controlled by the host processor … according to the points of
                     view" – element [e] of claim 21..........................................................................10

       B.     The Dismissal Should Be With Prejudice…………………………………………….11

II.    Plaintiff's Damages Claims That Are Beyond the Expiration of the '128 Patent Should
       Be Dismissed.................................................................................................................12

CONCLUSION............................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amir El v. Dep't of Health & Hosps., State of Louisiana*,
 No. CV 16-6545, 2016 WL 7012277 (E.D. La. Dec. 1, 2016) ................................................12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................................4

*Bd. of Regents of the Univ. of Texas Sys. v. BENQ Am. Corp.*,
 533 F.3d 1362 (Fed. Cir. 2008) ......................................................................................................8

*Bot M8 LLC v. Sony Corp. of Am.*,
 4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................................4

*Chapterhouse, LLC v. Shopify, Inc.*,
 No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ................1, 4, 5, 6, 9

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
 No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ..........................5, 11

*De La Vega v. Microsoft Corp*,
 No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ...........................6

*Fractus, S.A. v. TCL Corp.*,
 No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ........................10, 11

*Golden v. Intel Corp.*,
 No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) ...............................................4, 6

*Jefferson v. Grayson Cnty.*,
 No. 4:11CV143, 2012 WL 1574203 (E.D. Tex. May 2, 2012) ..........................................5, 11

*In re Katz Interactive Call Processing Pat. Litig.*,
 No. 07-ML-1816B-RGK ................................................................................................................12

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
 869 F.3d 1372 (Fed. Cir. 2017) ......................................................................................................4

*Sears, Roebuck & Co. v. Stiffel, Co.*,
 84 S. Ct. 784 (1964) .......................................................................................................................12

*Thomas v. Ally Bank*,
 No.  CV-16-02886-PHX-SPL, 2017 WL 4357770 (D. Ariz. Sept. 30, 2017) ........................12

Case 2:24-cv-00647-JRG    Document 21    Filed 03/10/25    Page 4 of 17 PageID #: 178

Defendant Best Buy Co., Inc. and BestBuy.com, LLC (collectively, "Best Buy") moves to dismiss Plaintiff Global Connect Technology, Inc.'s ("Plaintiff" or "Global Connect") First Amended Complaint ("FAC") *with prejudice* pursuant to Federal Rule of Civil Procedure 12(b)(6). Best Buy further moves to dismiss Plaintiff's post-patent expiration damage allegations.

## INTRODUCTION

A complaint must place the accused infringer on notice of what activity is being accused of infringement. Plaintiff's original complaint (Dkt. 1) failed to meet this requirement. Best Buy filed a Motion to Dismiss ("MTD"). Dkt. 8. Plaintiff did not respond. Instead, Plaintiff filed its FAC. (Dkt. 13).[1] Despite the MTD putting Plaintiff on notice of the deficiencies in the original complaint, Plaintiff's FAC addresses none of those deficiencies. In fact, with respect to the issues raised in the MTD, the FAC is essentially a duplicate of the original complaint; and the claim chart accompanying the FAC are identical to the claim chart that accompanied the original complaint.

The FAC, like the original complaint, identifies "the Best Buy website https://www.bestbuy.com, among other addresses, including all augmentations to these systems" as the Accused Instrumentalities. Dkt. 13 at ¶27. But neither the FAC nor the accompanying claim chart (Dkt. 13-1) contain any meaningful factual allegations. Instead, the FAC and claim chart, both separately and taken together consist of nothing more than a series of screen shots with colored boxes added and little to no explanation regarding how the boxes allegedly relate to the claim language. As this Court found in *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018), "[w]hile screen shots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations

---

[1] The filing of the FAC mooted the Motion to Dismiss. Dkt. 15.

which might permit the Court to find the *Iqbal/Twombly* standard is met." The FAC, like the original complaint, fails to meet the *Iqbal/Twombly* standard. Plaintiff had its chance to freely amend but was either unable or unwilling to do so. Dismissal *with prejudice* is warranted.[2]

## FACTUAL BACKGROUND

The FAC is substantively identical to the original complaint for the purposes of this motion. *See* Exhibit A (Compare results summary of the original complaint and the FAC).[3] Plaintiff's FAC contains 34 paragraphs. Paragraphs 1-4 address the parties. Paragraphs 5-10 address jurisdiction and venue. Paragraphs 11-26 address the asserted patent—U.S. Patent No. 7,246,128 ("the '128 patent")—and quote and/or cite to various portions of the specification but otherwise do not contain factual allegations regarding Best Buy's alleged infringement. It is only paragraphs 27-32 that address Best Buy's alleged infringement.[4]

The FAC, like the original complaint, states that Best Buy "makes, sells, advertises, offers for sale, uses, or otherwise provides [a] system for enabling multiple hierarchical points of view that [allegedly] utilize the '128 [p]atent's inventions," and identifies the "Best Buy website https://bestbuy.com, among other web addresses, including all augmentations to these systems" as the "Accused Instrumentalities." *See* Dkt. 1, at ¶25; Dkt. 13, at ¶27. Both then state that the Accused Instrumentalities "include each and every limitation of at least … claim 21 … and therefore literally infringe." *See* Dkt. 1, at ¶26; Dkt. 13, at ¶28. The original and the FAC both reference Exhibit A (an attached claim chart discussed further below), and includes a screen shot

---

[2] Plaintiff's allegations for damages also fail because they seek damages after the patent's expiration date.

[3] The main differences are Plaintiff: (i) substitutes "Best Buy" for Defendant in numerous paragraphs, and (ii) adds language with respect to BestBuy.com, LLC and alleges that Best Buy Co., Inc. and BestBuycom "jointly control the operation of Best Buy's consumer purchasing website https://www.bestbuy.com...." (FAC at ¶4). Best Buy reserves it right to contest this allegation but notes that the allegation is unrelated to the issues in the original and this MTD.

[4] Paragraphs 33 and 34 address damages.

with a red box added as shown below but otherwise does not contain any allegations making a connection between annotated screen shot and the claims.  *See* Dkt. 1, at ¶26; Dkt. 13, at ¶28.



https://www.bestbuy.com/

Finally, both the original complaint and the FAC allege, on information and belief, that Best Buy uses the Accused Instrumentalities because it "assembled the combined infringing elements and makes them collectively available in the United States, including Internet domain web pages," and "as part of its ongoing and regular testing and/or internal legal compliance activities, and "by virtue of its branding and marketing activities."  Dkt. 1, at ¶ 30; Dkt. 13, at ¶32. But, as with the earlier paragraphs, neither provide any discussion regarding how these other activities meet the text of claim 21.

The claim charts (Dkt. 1-1; Dkt. 13-1) fare no better.  Both charts are, in fact, identical save for different docket numbers and filing dates.  *See* Exhibit B (Compare results of original claim chart with FAC's claim chart).  The first several pages of the chart contain selective discussion of the specification and seem to attempt to distinguish potential prior systems allegedly used by, for example, eBay and Yahoo!.  Dkt. 1-1, at 1-4; Dkt. 13-1, at 1-4.  The remainder of the claim chart consists of the claim language coupled with selected annotated screens shots purportedly taken from Best Buy's website and a few "comments."  Dkts. 1-1, and 13-1, at 5-15.

But, as set forth below, the colored-box annotations and single sentence comments fall far short of providing the information necessary to inform Best Buy how the screenshots allegedly meet the text of the claims and thus fail to provide the requisite notice.  At bottom, like the original complaint and its chart, the FAC and accompanying claim chart taken separately and together aver little more than a conclusion that Best Buy's website infringes the patent.  Such a barebones pleading fails to state a claim for relief that is plausible on its face.

## ARGUMENT

### I.    THE COURT SHOULD DISMISS PLAINTIFF'S INFRINGEMENT ALLEGATIONS WITH PREJUDICE

To state a claim for infringement, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If there is only a mere "possibility that the plaintiff's claims are true," that is insufficient to state a claim for relief. *Chapterhouse*, 2018 WL 6981828, at *1 (citing *Iqbal*, 556 U.S. at 678 (2009)). Though a plaintiff "need not 'prove its case at the pleading stage,'" "a plaintiff cannot assert a plausible claim for infringement ... by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353, 1356 (Fed. Cir. 2021).  The complaint must also "place the alleged infringer 'on notice of what activity ... is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017); *Chapterhouse*, 2018 WL 6981828, at *2. And, to the extent pictures (*e.g.*, screenshots) are relied on, "pictures and generic product descriptions that are not tied to any claim limitations" typically do not satisfy the *Iqbal* standard.  *See*, *e.g.*, *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023); *Chapterhouse*, 2018 WL

6981828, at *2.

Dismissal with prejudice is warranted where a Plaintiff has been given an opportunity to amend but persists in filing a legally insufficient claim. *See Jefferson v. Grayson Cnty.*, No. 4:11CV143, 2012 WL 1574203, at *6 (E.D. Tex. May 2, 2012) (dismissing with prejudice pleadings that were "literal-cut-and-paste without any effort to rectify the shortcomings of the Original Complaint."); *Contiguity, LLC v. Conduent Bus. Servs., LLC*, No. W-23-CV-00038-XR, 2024 WL 252068, at *4 (W.D. Tex. Jan. 22, 2024) (dismissing amended complaint that failed to address deficiencies previously addressed in motion to dismiss).

### A.    Plaintiff's First Amended Complaint Should Be Dismissed.

The FAC, like the original complaint, consists of nothing more than conclusory statements. As discussed above, paragraph 27 does nothing more than indicate that Best Buy allegedly provides a "system for enabling multiple hierarchical points of view" that allegedly infringes the '128 patent, and indicate that Best Buy's website, among other web addresses, and all augments to "these systems" (undefined) are the Accused Instrumentalities.  The next paragraph (28) is simply a screen shot allegedly taken from https://www.bestbuy.com with a red box annotating different gigabyte values.  There is no language linking the annotated box (or the webpage) to any of the claim elements, or otherwise indicating how the website allegedly infringes.  Similarly, the remainder of the FAC simply states that Defendant infringes (paragraphs 29-31) and identifies Internet domain pages, ongoing testing/legal compliance activities, and branding and marketing activities as alleged examples of infringement (paragraph 32).  Such statements are mere conclusions, not factual allegations sufficient to state a claim that is plausible on its face. *Chapterhouse*, 2018 WL 6981828, at *2 (to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations).

The accompanying claim chart does not remedy the FAC's deficiency.  As discussed above, the first four pages of the chart are seemingly an attempt to distinguish the claim from prior art and thus do not provide support for Plaintiff's infringement allegations.  And the remainder of the claim chart fails to provide factual allegations sufficient to meet the *Iqbal/Twombly* standard.  *See Chapterhouse*, 2018 WL 6981828, at *2 (granting 12(b)(6) motion where screenshots were not sufficiently connected to the claim elements:  "[t]he Court disagrees … that the screenshots themselves constitute the requisite factual allegations"); *De La Vega v. Microsoft Corp*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing Plaintiff's allegations with prejudice where Plaintiff presented only three **screenshots** of evidence without explaining how that evidence shows that Defendant (and/or a third-party) performed the "coupling" step of the claims); *Golden*, 2023 WL 3262948, at *2 (affirming dismissal where claim charts "identif[ied] allegedly infringing products, in some cases with nothing more than pictures" and "generic product descriptions" that "are not tied to any [asserted] claim limitations.").  Here, Plaintiff's claim chart fails to meet the *Iqbal/Twombly* standard for the same reason.

1.    **The chart fails to identify the "host processor" – element [a] of claim 21.**

Plaintiff's allegation of the host processor is nothing more than a screenshot with a red box drawn around "bestbuy.com/site/searchpage.jsp…" as shown below.  Dkt. 13-1, at 6.



There is no detail or explanation regarding the meaning of the annotated URL, how the screenshot meets the text of the claim, or what Plaintiff contends is the "host processor" (*e.g.*, is it the computer accessing the website, something in the service provider, something at Best Buy, or something somewhere else?). Accordingly, its pleadings are deficient.

> **2.    The chart fails to provide factual allegations regarding "a user interface controlled by the host processor for inputting points of view to the system" – element [b] of claim 21.**

The chart is similarly deficient for element 21[b]. Plaintiff identifies the below screenshot with the red box annotation. Dkt. 13-1, at 6-7.



Plaintiff also provides a one sentence comment: "The user interface allows to input points of view to the system (*e.g.*, "New," "96 gigabytes," "48 gigabytes," … under their respective filter)." *Id.* at 6. This comment, however, provides no information factual or otherwise regarding how the screen shot meets the "controlled by the host processor" aspect of this element and is, accordingly, deficient.

> **3.    The chart fails to provide sufficient factual allegations regarding "a connections generator controlled by the host processor … generate connections between elements in the points of view and metadata of data sources" – element [c] of claim 21.**

For limitation 21[c], Plaintiff includes the red and green claim limitation text (reproduced below) and the accompanying annotated screenshot (also reproduced below).



Dkt. 13-1, at 7-8. Plaintiff also includes a comment: "The connections generator in the 7,246,128

patent is a dynamic connections generator, whereas the prior art used a statis query[,]" as well

citing a portion of the specification purportedly supporting limiting the "connections generator" to

a static connections generator. *Id.* But Plaintiff's screenshot for this element is the same screenshot

it used to support the previous element 21[b] and does not provide any information about

where/how the screenshot demonstrates the presence of a "connections generator," let alone one

controlled by the host processor and in communication with the user interface. It is hornbook law

that claim terms are presumed to have different meanings.[5] The use of the same screenshot and

accompanying annotation for different claim elements thus further compounds the ambiguity of

what is being accused of infringement.

The chart provides even less information regarding the second portion (the green portion)

of element 21[c]. The only information provide is a green box around the text "3 items" in the

screen shot. This box provides no information about the "connections," "between elements in the

points of view" and/or "the metadata of data sources" portions of the element. And the additional

---

[5] *See, e.g.*, *Bd. of Regents of the Univ. of Texas Sys. v. BENQ Am. Corp.*, 533 F.3d 1362, 1371 (Fed. Cir. 2008).

screenshots on pages 8 and 9 are simply other examples of the same red and green box annotations with no additional information.  This element is thus not sufficiently pled.

> **4.** **The claim chart fails to provide sufficient factual allegation for "a connections database … having a data structure including degrees of matching between data elements in the connections database and the metadata" – element [d] of claim 21.**

For this limitation, Plaintiff duplicates its screenshot from limitation 21[c] and includes a one-sentence "comment" that "[t]he degrees of matching is indicated by whether a data item is within or outside a given set (*i.e.* if a data item is within a given set then it will be included in the results)."  Dkt. 13-1, at 10-11.



As with the prior limitations, Plaintiff fails to further describe the screenshot or Plaintiff's red and green box annotations. Plaintiff also fails to articulate how the screenshot, or the Accused Instrumentalities (whatever they may be), indicate at least: what the "connections database" is—no database is identified,  how the connections database is "operated on by the connections generator" (for example, what "operations" are taking place and how are such operations affecting the connections database), what is a "data structure," where it allegedly is in the Accused Instrumentalities, what evidence demonstrates implementation of such in the database, and what the "data elements" are and what the matching is "between the data elements … and the metadata."[6] Assessing the sufficiency of pleadings is a context specific task; simpler technologies

---

[6] On page 10 of the chart, Plaintiff cites to portions of the specification, but fails to link any of that text to the screenshots, the box annotations, the comment, and otherwise does not explain the significance of the cited text.

may require less detailed pleadings, while more complex technologies may demand more. *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *1 (E.D. Tex. June 2, 2021). Here, like in *Chapterhouse*, because the claim is directed to an electronic system with numerous elements Plaintiff's failure to link the screen shots to the claim language renders the pleadings deficient. *See Chapterhouse*, 2018 WL 6981828, at *2

> **5.** **The claim chart fails to provide sufficient factual allegation for "matching applications controlled by the host processor … according to the points of view" – element [e] of claim 21.**

This limitation suffers from the same flaws as the previous limitations. The chart again color codes the limitations in red and green and includes the comment "[a]n example of a pre-selected degree of matching is the option to sort by 'Best Match.'" The chart also includes the three screen shots below.[7]



---

[7] The chart also includes portions of the specification (without citations) and a reproduction of Figure 9 of the patent, but otherwise does not link the cited text or figure to the annotated screen shots and/or to Plaintiff's theory of infringement.

-10-

Dkt. 13-1, at 12-15.  Here, like for the previous elements, Plaintiff fails to connect the patent claim's text to the annotated screen shots and thus fails to provide sufficient factual allegations indicating, for example, what an "application" is,  what comprises the "matching applications," and how the "sets of data elements in the data sources" are the same as / related to "pre-selected degrees of matching."

In sum, Plaintiff's failure to adequately plead even a single limitation would require dismissal.  Here, Plaintiff fails to adequately plead *every* limitation. Also, because    claim    21 relates to an electronic system having multiple parts, Plaintiff cannot rely on the "lazy-but-lucky draftsmanship" that saved the complaint in *Fractus*.  *Fractus*, 2021 WL 2483155, at *3.  Plaintiff's allegations are not plausible on their face and should be dismissed.

### B.    The Dismissal Should Be With Prejudice.

The dismissal should be with prejudice.  As discussed above, Plaintiff had notice of the complaint's deficiencies through Best Buy's MTD. Dkt. 8.  Plaintiff did not respond to that motion, but instead filed the FAC on the date its opposition to the MTD would have been due.  The FAC is substantively identical to the original complaint with respect to the issues raised in the MTD, and the accompanying claim chart is identical to the originally filed claim chart.  *See* Exs. A and B (comparing original complaint to the FAC, and the original complaint's claim chart with the FAC's claim chart, respectively).  Dismissal with prejudice is thus warranted.  *See Jefferson*, 2012 WL 1574203, at *6 (E.D. Tex. May 2, 2012) (dismissing with prejudice pleadings that were "literal-cut-and-paste without any effort to rectify the shortcomings of the [o]riginal [c]omplaint"); *Contiguity,* 2024 WL 252068, at *4 (W.D. Tex. Jan. 22, 2024) (dismissing amended complaint with prejudice that failed to address deficiencies previously identified in motion to dismiss).

Rule 15 does not require a different result.  Once a party exhausts its ability to amend its pleadings once as a matter of course, subsequent non-consented amendments can only be made

-11-

with the court's leave "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Plaintiff's FAC includes

a new allegation of joint control of the operation Best Buy's alleged consumer purchasing website

(Ex. A at paragraph 4 showing the addition of a joint control allegation in the "Parties" section of

the FAC) but does not to address any of the pleading deficiencies identified in the MTD.  The

selective amendment in the FAC indicates Plaintiff made a deliberate choice to not address the

deficiencies raised in the MTD.   Plaintiff has thus *twice failed* to adequately plead *every*

limitation—once perhaps by accident, but the second either deliberately or because it could not

adequately plead them—leaving Best Buy to speculate about what activity and/or systems are

being accused of infringement.  This second failure necessitated this second Motion to Dismiss,

and the expenditure of resources on research and redrafting it.  Under these circumstances, justice

does not require that Plaintiff be given a third strike.  *See*, *e.g.*, *Amir El v. Dep't of Health & Hosps.,*

*State of Louisiana*, No. CV 16-6545, 2016 WL 7012277, at *3 (E.D. La. Dec. 1, 2016) (dismissing

*pro se* plaintiff's amended complaint with prejudice on a second motion to dismiss when its

amended complaint failed to address the issues raised in defendant's first motion to dismiss);

*Thomas v. Ally Bank*, No.  CV-16-02886-PHX-SPL, 2017 WL 4357770, at *3 (D. Ariz. Sept. 30,

2017) (dismissing amended complaint with prejudice because, among other things, "[p]laintiff

failed to address any of [d]efendant's arguments [in its originally-filed motion to dismiss] and

instead simply reiterated the allegations in [the] complaint and cited to various legal standards").

## II.    PLAINTIFF'S DAMAGES CLAIMS THAT ARE BEYOND THE EXPIRATION OF THE '128 PATENT SHOULD BE DISMISSED

When the patent expires the monopoly created by it also expires.  *Sears, Roebuck & Co. v.*

*Stiffel, Co*., 84 S. Ct. 784, 788 (1964).  A patentee thus "may not recover damages for activities

after … the patent expired." *In re Katz Interactive Call Processing Pat. Litig*., No. 07-ML-1816B-

RGK FFMX, 2009 WL 1351043, at *18 (C.D. Cal. May 1, 2009) (granting summary judgment of no damages for activities after patent expiration).

Here, Plaintiff alleges the prior date of the patent is "at least as early as June 12, 2002." Dkt. 13, at ¶15.[8]  If true, then the patent expired on June 13, 2023 (*i.e.*, 20 years from the filing date, plus a 366-day extension indicated on the patent's face).[9]  Plaintiff also alleges, without any support, that the '128 patent expires "no earlier than September 22, 2027." *Id.* at ¶26.  Both cannot be true; the patent cannot have a 2002 priority date and expire in 2027.  The term of a patent is "20 years … from the date on which the earliest such application was filed." 35 U.S.C. § 154.  Here, by Plaintiff's admission, the priority date is June 12, 2022, with a 366-day extension.  The patent, therefore, expired on June 13, 2023.  Plaintiff, therefore, has not plead a claim for relief of damages beyond June 13, 2023.

## CONCLUSION

For the foregoing reasons, Best Buy respectfully requests that the Court dismiss the FAC *with prejudice* as failing to adequately plead infringement.

---

[8] The paragraph's reference to the "priority date of each of the Patents-in-Suit" appears to be a cut-and-paste error from another Complaint that was not corrected by the FAC as only the '128 patent is asserted.

[9] Note, Best Buy reserves its right to contest the priority date as well as the propriety of the extension.

Dated: March 10, 2025

Respectfully submitted,

*/s/ Mark C. Nelson*
Mark C. Nelson (lead counsel)
TX Bar No. 00794361
David Lisch
TX Bar No. 24077179
BARNES & THORNBURG LLP
2121 North Pearl Street, Ste. 700
Dallas, TX 75201
Tel: (214) 258-4200
Fax: (214) 258-4199
mark.nelson@btlaw.com
david.lisch@btlaw.com

**ATTORNEYS FOR DEFENDANTS BEST BUY CO., INC. AND BESTBUY.COM, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025 a copy of the foregoing document was served via the Court's ECF system on all parties who are deemed to have consented to electronic service.

*/s/ Mark C. Nelson*
Mark C. Nelson