**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIE'S INTERNATIONAL PLC AND CHRISTIE MANSON & WOODS LIMITED, <br><br> Defendants. | **CASE NO. 2:24-CV-00647-JRG** <br> **(LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| BEST BUY CO., INC., AND BESTBUY.COM, LLC <br><br> Defendants. | **CASE NO. 2:24-cv-00648-JRG** <br> **(MEMBER CASE)** |
| COSTCO WHOLESALE CORPORATION <br><br> Defendant. | **CASE NO. 2:24-cv-00649-JRG** <br> **(MEMBER CASE)** |

**DEFENDANT CHRISTIE'S INTERNATIONAL PLC'S**
**<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF ISSUES ...................................................................................... 4

III.    FACTUAL BACKGROUND ..................................................................................... 5

        A.      Global Connect's Original Complaint and Amended Complaint ..................... 5

        B.      Christie's International ......................................................................................... 8

IV.     LEGAL STANDARDS ............................................................................................... 9

        A.      Dismissal under FED. R. CIV. P. 12(b)(6) .......................................................... 9

        B.      Dismissal under Fed. R. Civ. P. 12(b)(2) ........................................................ 10

        C.      Dismissal under FED. R. CIV. P. 12(b)(5) or FED. R. CIV. P. 4(m) ................. 11

V.      ARGUMENT ............................................................................................................ 12

        A.      The Amended Complaint must be dismissed pursuant to Federal Rule 12(b)(6)
                because Christie's International has had no involvement in the design,
                development, maintenance, operation, or use of the Christie's Website. ........ 12

        B.      Global Connect's Amended Complaint must be dismissed pursuant to Federal
                Rule 12(b)(2) because Christie's International has no contacts with Texas and has
                not availed itself of this Court's jurisdiction ................................................... 15

                1.      Christie's International has no contacts with Texas ............................... 15

                2.      Even if conduct related to the Christie's Website could be attributed to
                        Christie's International—and it cannot—operation of a generally
                        accessible website is insufficient to establish personal jurisdiction. ... 17

                3.      Global Connect purposefully avoided suing Christie's Inc., presumably
                        due to venue concerns ........................................................................... 19

        C.      The First Amended Complaint must be dismissed pursuant to Federal Rule
                12(b)(5) and/or Federal Rule 4(m) because Christie's International still has not
                been served with either the Original or the Amended Complaint ..................... 21

VI.     CONCLUSION ......................................................................................................... 23

# TABLE OF AUTHORITIES

**Cases**

*3D Sys., Inc. v. Aarotech Lab'ys, Inc.*,
160 F.3d 1373 (Fed. Cir. 1998) .......................................................................... 11, 16, 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................................... 9, 10

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009) ...................................................................... 10, 11, 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................................... 9, 10

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................................................. 19

*DDC Tech., LLC v. Structural Graphics, LLC*,
No. 3:22-CV-1263-B, 2022 WL 17813705 (N.D. Tex. Dec. 19, 2022) ......................... passim

*Dutrisac v. STMicroelectronics, Inc.*,
No. 23-CV-06639-BLF, 2024 WL 3646949 (N.D. Cal. Aug. 2, 2024) ................................. 22

*Est. v. Warren*,
No. 6:18-CV-550, 2019 WL 8135306 (E.D. Tex. Aug. 20, 2019), *report and recommendation
adopted*, No. 6:18-CV-00550, 2020 WL 1031030 (E.D. Tex. Mar. 3, 2020) ......................... 11

*Franklin v. Apple*,
569 F. Supp. 3d 465 (E.D. Tex. 2021) ......................................................................... 9, 10, 15

*Gartin v. Par Pharm. Cos., Inc.*,
289 F. App'x 688 (5th Cir. 2008) ........................................................................................ 11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ............................................................................................................. 11

*Johnston v. Multidata Sys. Int'l Corp.*,
523 F.3d 602 (5th Cir. 2008) ............................................................................................... 10

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) ............................................................................................................. 12

*NexLearn, LLC v. Allen Interactions, Inc.*,
859 F.3d 1371 (Fed. Cir. 2017) ..................................................................................... 17, 18

*Quinn v. Miller*,
470 F. App'x 321 (5th Cir. 2012) ........................................................................................ 11

*Sangha v. Navig8 ShipManagement Priv. Ltd.*,
　882 F.3d 96 (5th Cir. 2018)..................................................................................................... 10

*Stallard v. Capcom Co.*,
　No. CV 22-645 (TJK), 2024 WL 95204 (D.D.C. Jan. 9, 2024) .............................................. 22

*Symbology Innovations, LLC v. Valve Corporation*,
　No. 2:23-CV-00419-JRG, 2025 WL 364075 (E.D. Tex. Jan. 31, 2025)................................. 20

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
　581 U.S. 258 (2017) ............................................................................................................... 20

*Von Hapsburg v. Cont'l Ret. Holdings, Inc.*,
　No. A-09-CA-304-SS, 2009 WL 10699476 (W.D. Tex. Aug. 20, 2009) ................................ 12

*Walden v. Fiore*,
　571 U.S. 277 (2014) ............................................................................................................... 18

*Yamaha Motor Co. v. Superior Ct.*,
　174 Cal. App. 4th 264 (2009) ................................................................................................. 22

**Statutes**

28 U.S.C. § 1400 ....................................................................................................................... 20

Tex. Civ. Prac. Rem. Code § 17.044......................................................................................... 3

Tex. Civ. Prac. Rem. Code § 17.044(b).................................................................................... 21

**Rules**

Fed. R. Civ. P. 12(a)(1)(A)(i) .................................................................................................... 4

Fed. R. Civ. P. 12(b) ............................................................................................................... 1, 5

Fed. R. Civ. P. 12(b)(1)......................................................................................................... 15, 23

Fed. R. Civ. P. 12(b)(2).....................................................................................................passim

Fed. R. Civ. P. 12(b)(5).....................................................................................................passim

Fed. R. Civ. P. 12(b)(6).....................................................................................................passim

FED. R. CIV. P. 15(a)(3) ............................................................................................................ 3

Fed. R. Civ. P. 4(m).........................................................................................................passim

Christie's International PLC ("Christie's International") respectfully moves to dismiss with prejudice the complaint in the above-captioned case filed by Global Connect Technology, Inc. ("Plaintiff" or "Global Connect") pursuant to Federal Rules of Civil Procedure 12(b) and/or 4(m).

## I.    INTRODUCTION

Christie's International filed a motion to dismiss Global Connect's initial complaint (the "Original Complaint") on February 24, 2025. D.I. 14. In connection with the motion to dismiss, Christie's International provided a sworn declaration explaining: Christie's International operates solely as a holding company; Christie's International does not engage in trade or any operations related to the making, using, offering to sell, or selling any products or services; Christie's International does not conduct business in Texas or anywhere in the United States; Christie's International had no involvement in the design, development, maintenance, management, operation, or use of the accused system; and Christie's International was never served with the Original Complaint. D.I. 14-1 at ¶¶ 5-9. Although not required to defeat Global Connect's conclusory and unsupported allegations regarding jurisdiction or supposed infringement, Christie's International also provided details regarding corporate entities that, to its knowledge, owned the accused system and/or had been involved in the design, development, maintenance, management, operation, or use of the accused system. *Id.* at ¶¶ 10-16.

Christie's International provided this additional information to promote efficiency and avoid unnecessary costs and litigation expenses regarding jurisdictional disputes. Global Connect did not respond to the motion to dismiss and instead filed an amended complaint on March 10, 2025 (the "Amended Complaint"). D.I. 22. However, rather than heed this information, Global Connect ignored the U.S. company identified therein and again named Christie's International as a party, as well as another foreign entity, Christie Manson & Woods Limited ("CMW"). Global Connect also "supplemented" its allegations regarding jurisdiction and venue with conclusory,

boilerplate allegations that are entirely unsupported (and that, based on Global Connect's failure to replace certain references to accused products, etc., clearly were copied and pasted from other complaint(s)). Worse still, many of these new, unsupported allegations already were addressed and directly contradicted by the sworn statements in the declaration filed by Christie's International. As discussed in greater detail in Section V.B.3, this purposeful ignorance appears to be motivated by gamesmanship; if the proper U.S.-based entity is named as a party to this lawsuit, Global Connect surely recognizes that venue is not proper in the Eastern District of Texas.

Regardless, the Amended Complaint suffers from the same deficiencies as the Original Complaint with respect to the allegations against Christie's International. Global Connect's Amended Complaint against Christie's International must be dismissed because Christie's International does not engage in, nor does it direct or control, any of the conduct accused of constituting infringement therein. Christie's International is a holding company that does not have any employees and does not make, use, offer to sell, or sell any products or services. More specifically, Christie's International has never had any involvement in the design, development, maintenance, operation, or use of the website https://www.christies.com/, the "system" accused of infringement in Global Connect's Amended Complaint (hereinafter, the "Christie's Website"). *See* D.I. 22 at ¶ 37. Because Christie's International has not been involved in the design, development, maintenance, operation, or use of the Christie's Website, the Amended Complaint against Christie's International must be dismissed for failure to state a claim under Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6).

Additionally, as a foreign holding company with no employees that does not itself trade or offer any products or services, Christie's International does not have any contacts with the state of Texas. Because Christie's International has not availed itself of this Court's jurisdiction and does

not have the necessary minimum contacts with the state of Texas, the Amended Complaint against Christie's International must be dismissed for lack of personal jurisdiction under Federal Rule 12(b)(2).

Finally, Christie's International still has not been served with any complaint in connection with this lawsuit. Global Connect purported to have served its Original Complaint on Christie's International using Texas's provisions for substituted service via the Texas Secretary of State, but that option can be used only for companies engaged in business in the state of Texas. *See* Tex. Civ. Prac. Rem. Code § 17.044. Christie's International does not engage in any business in Texas, and therefore, service on the Texas Secretary of State is ineffective. Global Connect appears to have recognized the deficiencies with this attempted service, as the Amended Complaint alleges that "Christie's International may be served in California upon Gooding & Company, LLC." D.I. 22 at ¶ 2. However, Gooding & Company, LLC ("Gooding"), is not a "general manager" of Christie's International and is not otherwise authorized to accept service on behalf of Christie's International. Moreover, regardless of the law, the fact remains that Christie's International still has not been served with any operative complaint related to this case. Therefore, Global Connect's Amended Complaint should be dismissed for insufficient service of process under Federal Rule 12(b)(5). Global Connect also did not even attempt its deficient service of the Original Complaint until well after the 90 days required for service under Federal Rule 4(m), and therefore, Global Connect's Amended Complaint must be dismissed on this ground as well.

Even though Christie's International still has not been served with any complaint in this case, Christie's International files this motion to dismiss the First Amended Complaint within 14 days of its filing so as to avoid any argument of untimeliness. *See* FED. R. CIV. P. 15(a)(3). Christie's International further notes that despite requesting summonses as to both Christie's

International and CMW, D.I. 23, Global Connect has not provided an executed proof of service as to either Christie's International or CMW. Christie's International is not aware of any efforts to even attempt service of the Amended Complaint on either Christie's International or CMW.[1]

Each of the above grounds provides an independent basis for the dismissal of Global Connect's Amended Complaint against Christie's International. Moreover, Global Connect cannot remedy the deficiencies in its Amended Complaint as to this defendant. Therefore, Christie's International respectfully requests that dismissal be with prejudice.

## II.    STATEMENT OF ISSUES

1. Should Global Connect's Amended Complaint be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Christie's International has no involvement with and does not direct or control any activities associated with the Christie's Website?

2. Must Global Connect's Amended Complaint be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) because Christie's International is a foreign entity that operates solely as a holding company, and because Christie's International does not have any employees and does not conduct any business in the United States or Texas?

3. Must Global Connect's Amended Complaint be dismissed for insufficient service under Federal Rules of Civil Procedure 12(b)(5) and/or 4(m) because neither the

---

[1] Because CMW was not named as a party in the Original Complaint and no service has even been attempted with respect to the First Amended Complaint, the time for CMW to answer or otherwise respond to the Amended Complaint has not yet been triggered. *See* FED. R. CIV. P. 12(a)(1)(A)(i). However, even if Global Connect attempted to serve the Amended Complaint on CMW, at the very least the same deficiencies regarding lack of personal jurisdiction and insufficiency of service through Gooding would apply with respect to CMW.

Original Complaint nor the Amended Complaint has been served on Christie's International?

## III.    FACTUAL BACKGROUND

### A.    Global Connect's Original Complaint and Amended Complaint

Global Connect filed its Original Complaint against Christie's International on August 8, 2024. D.I. 1. Therein, Global Connect provides only conclusory and superficial allegations regarding jurisdiction and venue. *Id.* at ¶¶ 3-7.

On February 24, 2025, Christie's International filed a motion to dismiss Global Connect's Original Complaint for failure to state a claim, lack of personal jurisdiction, and insufficient service under Federal Rules of Civil Procedure 12(b) and 4(m). D.I. 14. In conjunction with the motion to dismiss, Christie's International provided a sworn declaration regarding the nature and business of Christie's International and other Christie's-affiliated entities. D.I. 14-1. That declaration included several facts demonstrating that Christie's International does not conduct business anywhere in the United States, including Texas, and that Christie's International has had no involvement in the design, development, maintenance, management, operation, or use of the Christie's Website. For example:

- "Christie's International operates solely as a holding company. It does not engage in trade; it does not make, use, offer to sell, or sell any products or services; and it does not have any employees," D.I. 14-1 at ¶ 5;

- "Because Christie's International operates solely as a holding company, it does not conduct business in Texas or anywhere else in the United States," *id.* at ¶ 6;

- "Christie's International does not own the Christie's Website and has never been involved in the design, development, maintenance, management, operation, or use of the website. Christie's International does not direct or control activities concerning the Christie's Website," *id.* at ¶ 9; and

- "No revenues from sale(s) associated with the Christie's Website go directly to Christie's International," *id.* at ¶ 17.

The declaration also provides information concerning the ownership and/or operation of the Christie's Website:

- "The Christie's Website is owned by a separate company, Christie Manson & Woods Limited ("CMW")," D.I. 14-1 at ¶ 10;

- "Individuals that have been involved in the development and/or maintenance of the Christie's Website are employed by either CMW or another company, Christie's Inc.," *id.* at ¶ 12;

- "Both CMW and Christie's Inc. separately maintain their own governance and operational structure," *id.* at ¶ 14;

- "All listing(s) and/or sale(s) of item(s) through the Christie's Website are handled by the Christie's-affiliated entity that is local to the particular region. For the United States, these activities are handled by Christie's Inc.," *id.* at ¶ 15; and

- "Similarly, revenues from sale(s) associated with the Christie's Website are collected by the entity that organizes the sale(s)," *id.* at ¶ 16.

Global Connect did not respond to Christie's International's motion to dismiss the Original Complaint. Instead, on March 10, 2025, Global Connect filed its Amended Complaint. D.I. 22. Therein, Global Connect added CMW as a defendant, but notably, did not name Christie's Inc. as a defendant. "CMW is a foreign company organized under the laws of the United Kingdom," whereas "Christie's Inc. is a domestic company incorporated under the laws of the state of New York." D.I. 14-1 at ¶¶ 11, 13.

The Amended Complaint includes additional allegations regarding the business of Christie's International and its relation to other Christie's-affiliated entities. *See generally* D.I. 22 at ¶¶ 4-20. These new allegations, however, are entirely conclusory in nature, and many directly contradict the sworn statements in the declaration provided in support of Christie's International's motion to dismiss the Original Complaint. As just one example, the Amended Complaint alleges

that "[t]he Christie's Defendants named above and their affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and Accused Instrumentalities and related technologies." D.I. 22 at ¶ 9. But Christie's International operates solely as a holding company, and as such, has no employees and does not engage in trade or make, use, offer to sell, or sell any products or services. D.I. 14-1 at ¶ 5. The sworn declaration also explicitly states that "[b]oth CMW and Christie's Inc. separately maintain their own governance and operational structure." *Id.* at ¶ 14.

Moreover, the "new," conclusory allegations in the Amended Complaint appear to be nothing more than boilerplate accusations lifted from other complaints regarding different asserted patents and/or accused products. In some instances, the Amended Complaint does not even bother correcting references to these other cases. For example, one of the newly incorporated paragraphs in the Amended Complaint alleges that "Christie's International, acting in concert with its subsidiaries and affiliates, manufactures and sells LED lighting technologies worldwide, including throughout the United States and within Texas." D.I. 22 at ¶ 4. This case does not concern "LED lighting technologies," nor is this the business of any Christie's-affiliated entity.

Regardless, the only purported basis for relief identified in Global Connect's Amended Complaint is the alleged infringement of U.S. Patent No. 7,246,128 B2 (the "'128 patent"). D.I. 22 at ¶¶ 39-44. Specifically, Global Connect alleges that "Christie's [International] has developed of (sic) offered systems that infringe the '128 Patent, and which include at least, but not limited to, the Christie's website https://www.christies.com/, among other web addresses, including all augmentations to these systems." *Id.* at ¶ 37. Activities concerning the Christie's Website are the only basis for any alleged infringement provided in Global Connect's Amended Complaint. *Id.* at ¶¶ 37-38.

Although Global Connect's Original Complaint was filed on August 8, 2024, Global Connect does not appear to have attempted service until December 3, 2024, 117 days after filing. On December 11, 2024, Global Connect filed an "Affidavit of Service" with this Court dated December 4, 2024, in which a process server indicates that the Texas Secretary of State was served with Global Connect's Original Complaint against Christie's International on December 3, 2024. D.I. 4. To date, Christie's International still has not been served with Global Connect's Original Complaint, either through the Texas Secretary of State or otherwise. *See* D.I. 14-1 at ¶ 7.

Similarly, summonses were issued at Global Connect's request as to both Christie's International and CMW the day after the Amended Complaint was filed, each purporting to direct service through Gooding and/or presumably Gooding's registered agent in California. D.I. 23; D.I. 23-1. Christie's International is not aware of any attempt to serve either Christie's International or CMW with the Amended Complaint, whether through service on Gooding or otherwise. Christie's International has not been served with either the Original Complaint or the Amended Complaint.

### B.    Christie's International

Christie's International is a foreign company organized as a Public Limited Company under the laws of the United Kingdom. D.I. 14-1 at ¶ 4. Christie's International is the parent organization for all Christie's-affiliated entities, but Christie's International operates solely as a holding company. *Id.* at ¶ 5. It does not make, use, offer to sell, or sell any products or services. *Id*. Christie's International does not have any employees, and therefore, does not have any employees that reside in Texas or this District. *Id.* Christie's International does not own any real property, rent any office space, or possess or control any shelf space in this District. *See* Supplemental Declaration of Matthew Diaz, attached hereto as Exhibit ("Ex.") A at ¶ 4.

Christie's International does not own the Christie's Website nor does it direct or control activities associated with the Christie's Website. D.I. 14-1 at ¶ 9. The Christie's Website is owned

by a separate company, CMW, which is a foreign company organized under the laws of the United Kingdom. *Id.* at ¶ 10. Individuals involved with the development and/or maintenance of the Christie's Website are predominantly employed by either CMW or Christie's Inc., a domestic company incorporated under the laws of the state of New York. *Id.* at ¶¶ 12-13. CMW and Christie's Inc. are indirect subsidiaries of Christie's International, both of which maintain their own governance and operational structure. *Id.* at ¶ 14. Any listing and/or sale of an item on the Christie's Website is conducted by a Christie's-affiliated entity located in the region of the sale in question, not by Christie's International. *Id.* at ¶ 15. Additionally, revenues from a sale are collected by the entity that organizes the sale. *Id.* at ¶ 16. Accordingly, Christie's International has nothing to do with the listing and/or sale of items on the Christie's Website and does not collect any revenue from such sales. *Id.* at ¶ 17.

## IV.    LEGAL STANDARDS

### A.    Dismissal under FED. R. CIV. P. 12(b)(6)

Federal Rule 12(b)(6) provides that a complaint can be dismissed for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Federal Rule 12(b)(6), courts consider the pleading standards as articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See, e.g., Franklin v. Apple*, 569 F. Supp. 3d 465, 472 (E.D. Tex. 2021). As articulated in those decisions, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Additionally, although well-pleaded facts in the complaint must be considered in the light most favorable to the plaintiff, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

As previously recognized in this District, "[i]n *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion." *Franklin*, 569 F. Supp. 3d at 472. "First, the Court should identify and disregard conclusory allegations, for they are 'not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 664). "Second, the Court 'consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief.'" *Id.* (alterations in original).

### B. Dismissal under Fed. R. Civ. P. 12(b)(2)

Federal Rule 12(b)(2) provides that a complaint can be dismissed for lack of personal jurisdiction. Federal Circuit case law is controlling on questions related to personal jurisdiction in cases involving patent infringement. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Id.* at 1017 (internal quotation and citation omitted). However, "[b]ecause the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

Additionally, personal jurisdiction can be based on either general or specific jurisdiction:

> General jurisdiction, on one hand, requires that the defendant have "continuous and systematic" contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts. Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic.

*Autogenomics*, 566 F.3d at 1017 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)) (other internal quotation and citations omitted).

"[W]hen a defendant challenges a plaintiff's grounds for personal jurisdiction, 'the plaintiff must respond by establishing a basis for personal jurisdiction by presenting at least comparable levels of proof.'" *DDC Tech., LLC v. Structural Graphics, LLC*, No. 3:22-CV-1263-B, 2022 WL 17813705, at *4 (N.D. Tex. Dec. 19, 2022) (quoting 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 & n.7 (4th ed. 2022) (collecting cases)). Additionally, in considering questions regarding personal jurisdiction, "the 'corporate form is not to be lightly cast aside,' and courts generally avoid imputing one corporate entity's contacts to an affiliated entity unless 'specific, unusual circumstances call for an exception.'" *Id.* at *6 (quoting *3D Sys., Inc. v. Aarotech Lab'ys, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998)).

## C.    Dismissal under FED. R. CIV. P. 12(b)(5) or FED. R. CIV. P. 4(m)

Federal Rule 12(b)(5) provides that a complaint can be dismissed for insufficient service. "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed.)). Additionally, "[t]he party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Est. v. Warren*, No. 6:18-CV-550, 2019 WL 8135306, at *3 (E.D. Tex. Aug. 20, 2019), *report and recommendation adopted*, No. 6:18-CV-00550, 2020 WL 1031030 (E.D. Tex. Mar. 3, 2020) (quoting *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

350 (1999)); *see also Von Hapsburg v. Cont'l Ret. Holdings, Inc.*, No. A-09-CA-304-SS, 2009 WL 10699476, at *1 (W.D. Tex. Aug. 20, 2009) ("[I]nsufficient service of process implicates a court's authority to exercise personal jurisdiction over a defendant.").

Separately, Federal Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time."[2]

## V.   ARGUMENT

### A.   The Amended Complaint must be dismissed pursuant to Federal Rule 12(b)(6) because Christie's International has had no involvement in the design, development, maintenance, operation, or use of the Christie's Website.

Put simply, Global Connect's Amended Complaint must be dismissed as against Christie's International because, among other issues, Global Connect sued a party with no connection to the subject matter of this case. Global Connect's allegations of patent infringement relate solely to operations of the Christie's Website, D.I. 22 at ¶¶ 37-38, but Christie's International did not and does not develop, operate, or otherwise manage that website, D.I. 14-1 at ¶ 9. In fact, Christie's International does not have any employees and does not make, use, offer to sell, or sell any products or services. *Id.* at ¶ 5. Therefore, Christie's International does not engage in any activities that could be considered alleged infringement of the patent identified in Global Connect's Amended Complaint.

Like the Original Complaint, Global Connect's Amended Complaint includes barebones allegations concerning supposed infringement based on the Christie's Website, but no facts tying Christie's International to that website. D.I. 22 at ¶¶ 37-38. Moreover, to the extent the Amended

---

[2] Unless otherwise noted, emphasis has been added throughout.

Complaint contains new allegations attempting to tie Christie's International to any actions related to the Christie's Website, those allegations are entirely unsupported and conclusory. They also ignore sworn statements from the declaration submitted in support of Christie's International's motion to dismiss the Original Complaint, which of course were provided before Global Connect filed its Amended Complaint.

For example, the Amended Complaint alleges, without support, that Christie's International directs and/or controls the activities of Christie's-affiliated entities, including conduct related to the Christie's Website. *See, e.g.*, D.I. 22 at ¶ 5 ("Christie's International owns or controls, directly or indirectly, each of the Christie's entities with which it coordinates the infringing sale, offer for sale, import, use, and manufacture of Accused Instrumentalities in the United States."); *see also id.* at ¶ 7 ("Together, the Christie's Defendants design, operate and provide the Christies Website to the United States. . . ."), ¶ 8 ("The Christie's Defendants named above and their affiliates are part of the same corporate structure and operational chain. . . . Defendants engage in coordinated and concerted action. . . ."), ¶ 9 ("The Christie's Defendants named above and their affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and Accused Instrumentalities and related technologies."). However, these unsupported accusations already have been directly refuted by the sworn statements submitted in support of Christie's International's motion to dismiss the Original Complaint. Specifically, "Christie's International *operates solely as a holding company*. It does not engage in trade; it does not make, use, offer to sell, or sell any products or services; and it does not have any employees." D.I. 14-1 at ¶ 5. "Christie's International does not own the Christie's Website and has never been involved in the design, development, maintenance, management, operation, or use of the website. Christie's International *does not direct or control activities*

*concerning the Christie's Website*." *Id.* at ¶ 9. "Both CMW and Christie's Inc. *separately maintain their own governance and operational structure*." *Id.* at ¶ 14. Global Connect provides no support for its conclusory allegations, nor does it distinguish or even acknowledge the sworn statements provided by Christie's International.

Similarly, the Amended Complaint alleges, without support, that "Christie's International reports U.S. sales of the Accused Products as its own" and that "Christie's International advertises that it is responsible for the services, rather than through third parties." D.I. 22 at ¶ 5. But "Christie's International operates solely as a holding company," Christie's International "does not have any employees," and Christie's International "does not make, use, offer to sell, or sell any products or services." D.I. 14-1 at ¶ 5. Thus, it does not advertise *anything*, much less that it is responsible for any particular services. Additionally, as explained in the declaration submitted in support of Christie's International's motion to dismiss the Original Complaint:

> 15.  All listing(s) and/or sale(s) of item(s) through the Christie's Website are handled by the Christie's-affiliated entity that is local to the particular region. *For the United States, these activities are handled by Christie's Inc.*

> 16.  Similarly, revenues from sale(s) associated with the Christie's Website are collected by the entity that organizes the sale(s).

> 17.  *No revenues from sale(s) associated with the Christie's Website go directly to Christie's International.*

*Id.* at ¶¶ 15-17. Not only does Global Connect provide no support for its conclusory allegations, which already were directly contradicted by sworn statements made prior to Global Connect's filing the Amended Complaint, but also Global Connect notably chose not to name Christie's Inc. as a defendant. As discussed in greater detail in Section V.B.3., this reveals Global Connect's gamesmanship with respect to its filings.

Regardless, the Amended Complaint fails under the two-step inquiry used for motions to dismiss under Federal Rule 12(b)(6): "the Court should identify and disregard conclusory allegations, for they are 'not entitled to the assumption of truth,'" and because Christie's International does not have any involvement with the Christie's Website, there is no basis to maintain a plausible cause of action against this defendant. *See Franklin*, 569 F. Supp. 3d at 472.[3] Accordingly, Global Connect's Amended Complaint against Christie's International must be dismissed for failure to state a claim under Federal Rule 12(b)(6). And because Global Connect already has been awarded an opportunity to amend its complaint, and in so doing ignored the sworn statements provided in support of Christie's International's motion to dismiss the Original Complaint, the dismissal of the Amended Complaint should be with prejudice.

**B.    Global Connect's Amended Complaint must be dismissed pursuant to Federal Rule 12(b)(2) because Christie's International has no contacts with Texas and has not availed itself of this Court's jurisdiction.**

**1.    Christie's International has no contacts with Texas.**

A related but independent ground for dismissal of Global Connect's Amended Complaint is that this Court does not have personal jurisdiction over Christie's International. Christie's International does not conduct any business in the United States, much less in Texas. D.I. 14-1 at ¶ 6. Christie's International does not have any employees, much less employees in Texas. *Id.* at ¶ 5. Therefore, there is no basis to suggest that Christie's International has "continuous and systematic" contacts with Texas to support this Court's general jurisdiction over Christie's International—indeed, Christie's International has no contacts whatsoever with Texas. *See Autogenomics*, 566 F.3d at 1017.

---

[3] Similarly, because Christie's International has not engaged in any of the acts that are accused of infringement in Global Connect's Amended Complaint, this Court does not have subject-matter jurisdiction over Christie's International. The complaint is therefore also subject to dismissal pursuant to Federal Rule 12(b)(1).

Additionally, this Court does not have specific jurisdiction over Christie's International because Christie's International does not develop, operate, or otherwise manage the Christie's Website. In *DDC Technology*, the defendant was accused of patent infringement under similar circumstances but maintained "that [plaintiff] sued the wrong entity within the broader corporate family." 2022 WL 17813705, at *2. There, as here, defendant "countered [plaintiff]'s allegations with specific declarations establishing that [defendant] has no physical presence or employees in Texas." *Id.* at *4. "In short, [defendant] successfully challenged [plaintiff]'s grounds for personal jurisdiction with declaration evidence showing [defendant] is not the corporate entity operating in Texas." *Id.* Just as in *DDC Technology*, Christie's International has no operations, employees, or even a physical presence in Texas. D.I. 14-1 at ¶¶ 5-6. Christie's International does not own any real property, rent any office space, or possess or control any shelf space in this District. Ex. A at ¶ 4. Therefore, Global Connect's Amended Complaint against Christie's International must be dismissed for lack of personal jurisdiction under Federal Rule 12(b)(2).

As discussed above, Global Connect's Amended Complaint ignores the sworn statements provided in the declaration submitted in support of Christie's International's motion to dismiss the Original Complaint, and instead attempts to conflate the activities of Christie's International with those of other Christie's-affiliated entities. However, "the 'corporate form is not to be lightly cast aside.'" *DDC Tech.*, 2022 WL 17813705, at *6 (quoting *3D Sys., Inc.*, 160 F.3d at 1380). Moreover, sworn statements demonstrate that Christie's International has no contacts with Texas, much less sufficient minimum contacts to establish personal jurisdiction. Therefore, Global Connect "must respond by establishing a basis for personal jurisdiction by presenting ***at least comparable levels of proof***," which it has not done. *See id.* at *4.

Christie's International has established that it has had no involvement with the Christie's Website and has no connections with the United States or Texas, and therefore, the Amended Complaint must be dismissed as to Christie's International for lack of personal jurisdiction. Additionally, Global Connect already has been awarded an opportunity to amend its complaint, and in so doing ignored the sworn statements provided in support of Christie's International's motion to dismiss the Original Complaint. Therefore, the dismissal of the Amended Complaint should be with prejudice.

> ### 2. Even if conduct related to the Christie's Website could be attributed to Christie's International—and it cannot—operation of a generally accessible website is insufficient to establish personal jurisdiction.

As established above, Christie's International has no involvement with the Christie's Website. However, even if conduct related to the website could be attributed to Christie's International (and it cannot), such contacts alone are insufficient to establish personal jurisdiction. *See, e.g.*, *NexLearn, LLC v. Allen Interactions, Inc*., 859 F.3d 1371, 1378 (Fed. Cir. 2017) ("The existence of [defendant]'s website, without more, is insufficient to show that [defendant] has minimum contacts with Kansas."); *DDC Tech*., 2022 WL 17813705, at **4-5 ("merely maintaining a website that can be accessed in the forum state is nowhere near the type of 'systematic and continuous' contacts necessary for general jurisdiction," and as to specific jurisdiction, "even assuming [defendant] was the entity responsible for the website, the website alone is insufficient to establish minimum contacts with Texas"). As explained by the Federal Circuit:

> Something more is needed—whether it be actual sales, targeted advertising, or contractual relationships—to connect the defendant's [allegedly] infringing acts of making, using, offering, or selling its product with the forum State. What is sufficient may vary from case to case, **but it cannot be that the mere existence of an interactive website**, like the existence of an out-of-state store, **is "suit-related**

> ***conduct . . . creat[ing] a substantial connection with the forum State.***

*NexLearn*, 859 F.3d at 1379 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

Here, the only allegations concerning any contact(s) with the state of Texas beyond the mere existence of the Christie's Website relate to the office of an individual, Capera Ryan, in Dallas, Texas. D.I. 22 at ¶ 17 ("Defendants operate the Christie's Website, which may be accessed throughout the United States, the State of Texas, and this Judicial District. Additionally, Defendants direct interested customers to where they can buy or use Christie's services in the United States, including the offices of its representative, Capera Ryan, of Dallas, Texas."), ¶ 20 ("Defendants maintain regular and established places of business in this Judicial District, the State of Texas, and elsewhere in the United States, including the offices of its representative, Capera Ryan, of Dallas, Texas."). But Ms. Ryan is an employee of Christie's Inc., not an employee of Christie's International (or an employee of CMW). Ex. A at ¶ 5. Additionally, Ms. Ryan's office is located at 30 Highland Park Village #200, Dallas, Texas 75205, which contrary to Global Connect's allegations, is ***not*** located in this District. *Id.* at ¶ 6. Instead, it is in the Northern District of Texas.

Regardless, Ms. Capera's office is irrelevant to the whether this Court has personal jurisdiction over Christie's International. The office is associated with a separate corporate entity, Christie's Inc., which maintains its own governance and operational structure. D.I. 14-1 at ¶¶ 9, 14. Thus, the situation here is analogous to that in *DDC Tech.*, in which the plaintiff urged personal jurisdiction based on facilities in Texas, but the defendant "countered [plaintiff]'s allegations with specific declarations establishing that [defendant] has no physical presence or employees in Texas. Rather, a separate entity within the corporate family . . . is the reason for the office buildings and employees in Texas." 2022 WL 17813705 at *4 (internal citation omitted). Moreover,

"[f]oundational to the notion of both corporate law and personal jurisdiction is the idea that corporations be able to structure their conduct to manage risk." *Id.* at *6 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Therefore, "the 'corporate form is not to be lightly cast aside,' and courts generally avoid imputing one corporate entity's contacts to an affiliated entity unless 'specific, unusual circumstances call for an exception.'" *Id.* (quoting *3D Sys., Inc.*, 160 F.3d at 1380). No such unusual circumstances exist here.

Thus, even if the Court were to ignore the fact that Christie's International has no connection with the Christie's Website—and it should not—the Amended Complaint still should be dismissed for lack of personal jurisdiction as to Christie's International. Moreover, because Global Connect already has been awarded an opportunity to amend its complaint, and in so doing ignored the sworn statements provided in support of Christie's International's motion to dismiss the Original Complaint, the dismissal of the Amended Complaint should be with prejudice.

### 3. Global Connect purposefully avoided suing Christie's Inc., presumably due to venue concerns.

Global Connect also should not be rewarded for its tortured attempts to secure this Court's jurisdiction over Christie's International because Global Connect is engaging in gamesmanship.

The declaration submitted in support of Christie's International's motion to dismiss the Original Complaint explicitly stated not only that Christie's International has never been involved with the Christie's Website and does not direct or control activities concerning the Christie's Website, D.I. 14-1 at ¶ 9, but also identified the Christie's-affiliated entities that have been involved in the Christie's Website, *id.* at ¶¶ 10-16. The declaration explains that "[i]ndividuals that have been involved in the development and/or maintenance of the Christie's Website are employed by either CMW or another company, Christie's Inc." and that "[a]ll listing(s) and/or sale(s) of item(s) through the Christie's Website are handled by the Christie's-affiliated entity that is local

19

to the particular region." *Id.* at ¶¶ 12, 15. The declaration goes on to specifically confirm that "[f]or the United States, these activities are handled by Christie's Inc." *Id.* at ¶ 15. Additionally, the declaration also explains that all revenues from sales associated with the Christie's Website are collected by the entity that conducts the sale, and that those revenues are not attributed to Christie's International. *Id.* at ¶¶ 16-17.

In light of these disclosures, Global Connect cannot feign ignorance regarding what Christie's-affiliated entities are or are not involved in activities concerning the Christie's Website. Nonetheless, it appears that Global Connect is avoiding naming Christie's Inc. as a defendant because it recognizes that doing so would require a change in venue. "Christie's Inc. is a domestic company incorporated under the laws of the state of New York." D.I. 14-1 at ¶ 13. As such, Christie's Inc. resides solely in the state of New York for the purposes of establishing venue under 28 U.S.C. § 1400. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 267-68 (2017). Rather than face the realities of the lawsuit that Global Connect itself initiated, Global Connect has instead filed an Amended Complaint that ignores facts known to Global Connect.

In this way, Global Connect's actions mirror that of the plaintiffs in the series of cases discussed in *Symbology Innovations, LLC v. Valve Corporation*, in connection with which plaintiffs' counsel was found to have violated Rule 11. *See* No. 2:23-CV-00419-JRG, 2025 WL 364075, at *6-10 (E.D. Tex. Jan. 31, 2025). Therein, plaintiffs' counsel filed serial amended complaints rather than respond to motions to dismiss, and in doing so, needlessly increased litigation costs and—just as here—included factual allegations regarding venue in those amended complaints that counsel knew or should have known were false.[4] *Id.*

---

[4] Notably, the attorney sanctioned in those cases, Mr. Randall Garteiser, *see id.* at *10-11, is counsel of record for Global Connect in this case and appears on both the Original and Amended Complaints.

**C.    The First Amended Complaint must be dismissed pursuant to Federal Rule 12(b)(5) and/or Federal Rule 4(m) because Christie's International still has not been served with either the Original or the Amended Complaint.**

Global Connect's Amended Complaint must be dismissed pursuant to Federal Rule 12(b)(5) and/or Federal Rule 4(m) because Global Connect's Original Complaint was not served on Christie's International within 90 days of filing and ***neither Global Connect's Original nor its Amended Complaint has been served on Christie's International***.

Global Connect filed an executed summons purporting to show service of the Original Complaint on the Texas Secretary of State on December 3, 2024—117 days after filing its complaint. *Compare* D.I. 1 *with* D.I. 4. Therefore, under even the most generous interpretation of Global Connect's actions, Global Connect failed to abide by the requirements of Federal Rule 4(m), which requires that a defendant be served within 90 days after the complaint is filed.

Global Connect's attempted service of the Original Complaint on the Texas Secretary of State also suffers from a more fundamental problem. Substituted service on the Texas Secretary of State is effective only "for service of process on a nonresident ***who engages in business in this state***, but does not maintain a regular place of business in this state or a designated agent for service of process." Tex. Civ. Prac. Rem. Code § 17.044(b). Christie's International does not engage in business in this state. D.I. 14-1 at ¶¶ 5-6. Therefore, substituted service on the Texas Secretary of State was not available with respect to Global Connect's Original Complaint against Christie's International. Additionally, Christie's International was never served with a copy of Global Connect's Original Complaint, either via the Texas Secretary of State or through any other means. *Id.* at ¶ 7.

Global Connect appears to have conceded this deficiency; rather than seeking to serve the Amended Complaint through the Texas Secretary of State, Global Connect requested summonses

for the amended pleading as to each of Christie's International and CMW, and in both instances indicated an intent to attempt service of the Amended Complaint through a separate company, Gooding. D.I. 23. The Amended Complaint alleges that "[u]nder California law, service of a complaint on a foreign party's 'general manager' is sufficient to effectuate service on the foreign party themselves" and that Gooding is a "general manager" as to both Christie's International and CMW. D.I. 22 at ¶¶ 2, 3. Global Connect provides no support for this allegation, and neither Christie's International nor CMW can be served through Gooding.

Gooding is an auction house that specializes in classic cars. Ex. A at ¶ 7. It became a Christie's-affiliated entity relatively recently, in September 2024, but is a subsidiary of Christie's Holdings Inc., which is a not a party to this lawsuit. *Id.* at ¶¶ 8-9. Gooding does not have any involvement with the operations of Christie's International or CMW, let alone the type of "intimate", "connected"," and "interrelated" relationship required to establish a corporate entity as a "general manager" of another. *See Yamaha Motor Co. v. Superior Ct*., 174 Cal. App. 4th 264, 274 (2009). Moreover, the Amended Complaint does not allege any facts regarding any alleged relationship, which is required to demonstrate that a general manager relationship exists. *See, e.g.*, *Dutrisac v. STMicroelectronics, Inc*., No. 23-CV-06639-BLF, 2024 WL 3646949, at *9 (N.D. Cal. Aug. 2, 2024) ("a parent-subsidiary relationship alone is insufficient to make a subsidiary a general manager"); *Stallard v. Capcom Co*., No. CV 22-645 (TJK), 2024 WL 95204, at *3 (D.D.C. Jan. 9, 2024) ("even though California sets the bar exceedingly low for who/what may be deemed a general manager" merely showing that a subsidiary is wholly owned by a parent is insufficient) (internal quotation marks omitted).

Regardless, it does not appear that Global Connect has attempted service of the Amended Complaint—either through Gooding or through any other means of which Christie's International

22

is aware. Indeed, Christie's International still has not been served with either the Original Complaint or the Amended Complaint.

For all these reasons, Global Connect's Amended Complaint against Christie's International must be dismissed for insufficient service under Federal Rule 12(b)(5) and/or Federal Rule 4(m).

## VI.    CONCLUSION

For the foregoing reasons, Christie's International respectfully requests that the Court dismiss this action as to Christie's International pursuant to Federal Rule 12(b)(1), (2), (5), and/or (6) and/or Federal Rule 4(m), each of which independently justifies dismissal of Global Connect's Amended Complaint. Moreover, given the context of this case and Global Connect's deliberate ignoring of sworn statements in making the allegations in its Amended Complaint, Christie's International respectfully requests that dismissal be with prejudice.

Dated: March 24, 2025                     Respectfully submitted,

                                          /s/ *Joshua P. Davis*
                                          Joshua P. Davis
                                          Texas Bar No. 24059626
                                          WOMBLE BOND DICKINSON (US) LLP
                                          717 Texas Avenue, Suite 2100
                                          Houston, TX 77002
                                          Telephone: (346) 998-7810
                                          Joshua.P.Davis@wbd-us.com

                                          *Attorney for Defendant Christie's International PLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby confirms that on March 24, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

/s/ *Joshua P. Davis*
Joshua P. Davis