**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTIE'S INTERNATIONAL PLC AND CHRISTIE MANSON & WOODS LIMITED,<br><br>    Defendants. | **CASE NO. 2:24-CV-00647-JRG (LEAD CASE)**<br><br>**JURY TRIAL DEMANDED** |
| BEST BUY CO., INC., AND BESTBUY.COM, LLC<br><br>    Defendants. | **CASE NO. 2:24-cv-00648-JRG (MEMBER CASE)** |
| COSTCO WHOLESALE CORPORATION<br><br>    Defendant. | **CASE NO. 2:24-cv-00649-JRG (MEMBER CASE)** |

## DEFENDANT CHRISTIE'S INTERNATIONAL PLC'S MOTION TO STAY

Christie's International PLC ("Christie's International") and Christie Manson & Woods Limited ("CMW," together with Christie's International, the "Christie's Defendants") respectfully move to stay this case, including as to the upcoming March 26, 2025 scheduling conference and all discovery, pending resolution of Christie's International's motion to dismiss the Amended Complaint (D.I. 22) filed by Global Connect Technology, Inc. ("Global Connect"). *See* D.I. 30 (the "Motion to Dismiss"). As explained in the Motion to Dismiss, the Amended Complaint must be dismissed as to Christie's International under Federal Rules of Civil Procedure 12(b) and/or 4(m) for failure to state a claim upon which relief may be granted, lack of personal jurisdiction, and insufficient service. *Id.* at 2-4. Additionally, although Global Connect does not appear to have

even attempted service of the Amended Complaint on CMW (who was named as a party for the first time therein), at least the same deficiencies related to the lack of personal jurisdiction and insufficiency of contemplated service apply with respect to CMW. *Id.* at 4 n.1. Thus, if deemed necessary by the Court, CMW joins this motion to stay while preserving all objections regarding the Amended Complaint, including specifically with respect to personal jurisdiction and insufficient service.

A district court has broad discretion to stay a case pending resolution of preliminary questions, including staying discovery for "good cause" under Federal Rule of Civil Procedure 26(c)(1). *Williams v. Tava Ventures, Inc*., No. 4:24-CV-122-SDJ, 2024 WL 4024037, at *1 (E.D. Tex. May 14, 2024). This case raises similar issues to those in *Williams*; just as in that case, the Motion to Dismiss argues that the Amended Complaint should be dismissed for (1) failure to state a claim, (2) lack of personal jurisdiction, and (3) insufficient service. *Id.* Thus, there is good cause for a stay because resolution of the Motion to Dismiss may preclude the need for discovery altogether. *Id.* Moreover, "[o]f particular importance here, [] jurisdictional issues should be determined early in the case." *Id.*

The Christie's Defendants jurisdictional challenges have been preserved because Christie's International has raised this issue in its Motion to Dismiss, and the time for CMW to respond to the Amended Complaint has not yet been triggered. FED. R. CIV. P. 12(h)(1). However, in addition to the good cause reasons to stay the case outlined above, the Christie's Defendants also bring this motion to avoid any argument by Global Connect that the Christie's Defendants have waived or otherwise forfeited their personal jurisdiction defenses by participating in the Court-ordered scheduling conference on March 26, 2025, or by otherwise participating in this case. *See Special Quality Alloys, Inc. v. Coastal Mach. & Supply, Inc*., No. 4:22-CV-04258, 2023 WL 7412945, at

*2 (S.D. Tex. Nov. 9, 2023) (summarizing case law regarding what does and does not constitute waiver of personal jurisdiction defense). To be clear, the Christie's Defendants intend to maintain their personal jurisdiction defenses, and the Christie's Defendants request that the Court stay this case as to the Christie's Defendants to avoid the Court expending any effort that would be wasted if personal jurisdiction is later found lacking. *See id.*

For all the reasons above, the Christie's Defendants respectfully request that the Court stay this case as related to the Christie's Defendants pending resolution of the Motion to Dismiss.

Dated: March 25, 2025                          Respectfully submitted,

/s/ *Joshua P. Davis*
Joshua P. Davis
Texas Bar No. 24059626
WOMBLE BOND DICKINSON (US) LLP
717 Texas Avenue, Suite 2100
Houston, TX 77002
Telephone: (346) 998-7810
Joshua.P.Davis@wbd-us.com

*Attorney for Defendant Christie's International PLC*

3

## **CERTIFICATE OF CONFERENCE**

The undersigned attorney represents and confirms that a conference was conducted with opposing counsel on March 24, 2025, and that counsel have complied with Local Rule CV-7(h). The conference was attended by Joshua Davis, on behalf of the Christie's Defendants, and by Christopher Honea, on behalf of Global Connect. Although counsel for the Christie's Defendants believes the case should be stayed for the reasons provided herein; counsel for Global Connect disagrees, and the discussions conclusively ended in an impasse. Therefore, the motion is opposed with respect to the relief requested herein.

/s/ *Joshua P. Davis*
Joshua P. Davis

## **CERTIFICATE OF SERVICE**

The undersigned hereby confirms that on March 25, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

/s/ *Joshua P. Davis*
Joshua P. Davis