# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC.<br><br>                Plaintiff,<br>  v.<br><br>CHRISTIES INTERNATIONAL PLC,<br><br>                Defendant. | Case No. 2:24-cv-00647-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>(LEAD CASE) |
| GLOBAL CONNECT TECHNOLOGY, INC.<br><br>                Plaintiff,<br>  v.<br><br>BEST BUY CO., INC. AND<br>BESTBUY.COM, LLC<br><br>                Defendant. | Case No. 2:24-cv-00648-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>(MEMBER CASE) |

**REPLY IN SUPPORT OF BEST BUY CO., INC. AND BESTBUY.COM, LLC'S
<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

I.     PLAINTIFF'S ARGUMENT THAT BEST BUY APPLIES A HEIGHTENED PLEADING STANDARD IS WITHOUT MERIT. ..............................................................2

II.    THE FAC FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF AND SHOULD BE DISMISSED ........................................................................................................3

III.   THE DISMISSAL SHOULD BE WITH PREJUDICE .......................................................7

IV.   PLAINTIFF CONCEDES IT IS NOT ENTITLED TO DAMAGES BEYOND THE EXPIRATION OF THE '128 PATENT ......................................................................10

CONCLUSION ..............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Page(s)**

*Blitzsafe Texas, LLC v. Volkswagen Group of Am.*,
   No. 2:15-dv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016)...........................5

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ..............................................................................................2, 7

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E. D. Tex. Dec. 11, 2018) .......................2, 3, 7

*Contiguity, LLC v. Conduent Business Serv., LLC*,
   No. W-23-DV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ................................8

*Fractus, S.A. v. TCL Corp.*,
   No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ..............................1, 5

*Global Connect Tech. Inc. v. Costco, Inc.*,
   No. 2:24-DV-00647 (Dkt. 20) (E.D. Tex. Mar. 7, 2025).........................................................6

*Golden v. Intel Corp.*,
   No. 2023-1257, 2023 WL 3262948 (Fed. Cir. 2023) ..............................................................2

*Kirsch Research and Dev., LLC v. Atlas Roofing Corp.*,
   No. 5:20-cv-00055-RWS, 2020 WL 8363154 (E.D. Tex. Sept. 29, 2020)..............................3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017)...............................................................................................2

*LS Cloud Storage Techs., LLC v. Amaxon.com, Inc.*,
   1:22-CV-1167-RP, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) .........................................4

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016)...............................................................................................3

*Mosaic Brands, Inc. v. Ridge Walleet, LLC*,
   No. 2:20-cv-04556-AB (JCx) (C.D. Cal. Sept. 2, 2020) .........................................................4

*Mullen Indus. LLC v. Meta Platforms, Inc.*,
   No. 1:24-CV-DAE, 2025 WL 326402 (W.D. Tex. Jan. 29, 2025)...........................................8

*Smith v. EMC Corp.*,
   393 F.3d 590 (5th Cir. 2004) ...............................................................................................7, 9

*Solocron Education, LLC v. Healthstream, Inc.*,
   No. 2:16-cv-16-JRG, 2016 WL 9137458 (E.D. Tex. June 7, 2016).........................................5

*Uniloc USA, Inc. v. Avaya Inc.*,
    No. 6:15-dv-1168-JRG, 2016 WL 7042236 (E.D. Tex. May 13, 2016)....................................5

## INTRODUCTION

Best Buy's Motion to Dismiss (Dkt. 21, "Motion") should be granted. Nothing in Plaintiff's Opposition (Dkt. 37, "Opposition") indicates otherwise. First, Plaintiff's Opposition largely fails to address Best Buy's arguments, instead attempting to dismiss them by creating a strawman, *i.e.*, that Best Buy impermissibly raises the pleading standard by asking that Plaintiff prove its case in the pleadings. (Opp., at 1, 3). This strawman argument fails both legally and factually. Next, relying in part on *Fractus*, a case this Court characterized as "lazy-but-lucky draftsmanship" that cleared the *Twombly*/*Iqbal* bar by a "razor-thin" margin,[1] Plaintiff argues that the FAC provides "more than enough information" to demonstrate plausible infringement. (Opp., at 6). But even under the Federal Circuit's flexible interpretation of the *Twombly*/*Iqbal* pleading standard, a plaintiff cannot assert a plausible claim for direct infringement by reciting the claim elements and concluding that the accused product has those elements, there must be factual allegations that articulate why it is plausible the accused product infringes. Here, as demonstrated in the Motion and below, those allegations are not present. Finally, Plaintiff argues that to the extent a portion of the FAC is dismissed, it should be given leave to amend. Here, however, Plaintiff has already had three tries: (i) the original Complaint; (ii) the FAC, where Plaintiff chose not to address any of the allegations raised in Best Buy's original Motion to Dismiss, which are the same allegations raised in this Motion (Motion, at 11-12); and (iii) this Opposition where Plaintiff again fails to suggest, let alone offer, any purported amendment that would cure the deficiencies identified in the Motion. Dismissal, therefore, should be with prejudice because justice does not require Plaintiff be given a fourth bite at the apple.

---

[1] *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *3 (E.D. Tex. June 2, 2021).

**ARGUMENT**

**I.   PLAINTIFF'S ARGUMENT THAT BEST BUY APPLIES A HEIGHTENED PLEADING STANDARD IS WITHOUT MERIT.**

The Federal Circuit embraces a standard for pleading direct infringement, inquiring "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). "The level of detail required in any given case will vary depending on a number of factors, including the complexity of the technology, the materiality of any given element to practicing the accused claims(s), and the nature of the allegedly infringing device." *Id*. Regardless, however, there must be some factual allegations that, when taken as true, articulate *why* it is plausible that the accused product infringes the patent claim. *Id.*[2] The complaint must "place the alleged infringer 'on notice of *what activity* ... is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2-18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018). "[P]ictures and generic product descriptions that are not tied to any claim limitations" *typically do not* satisfy the pleading standard. *See, e.g.*, *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *2 (Fed. Cir. 2023); *Chapterhouse*, 2018 WL 6981828, at *2.

Best Buy's Motion set forth this pleading standard and specifically identified why the FAC fails to meet this standard. Rather than respond to the substance of Best Buy's arguments, Plaintiff incorrectly reframes the pleading standard as only requiring that Plaintiff "identify[] a particular feature … from a particular product … that allegedly infringes a particular claim[,] … [Plaintiff] has provided adequate notice to [Defendant] of the plausible claims it must defend against." (Opp. at 1-2, 6). Plaintiff then uses this incorrect reframing to create a strawman that Best Buy's Motion

---

[2] All emphasis added unless stated otherwise.

should be denied because it purports to require that Plaintiff prove infringement at the pleading stage. *Id.* at 1, 3, 5. But as set forth in the Motion and herein, "[t]o allege direct infringement, the complaint must ***allege facts*** sufficient to create a plausible inference that ***each element*** of the claim is infringed by the accused products." *Kirsch Research and Dev., LLC v. Atlas Roofing Corp.*, No. 5:20-cv-00055-RWS, 2020 WL 8363154, at *2 (E.D. Tex. Sept. 29, 2020) (citing *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016)). As demonstrated in the Motion and below, the FAC fails to meet this standard.

## II. THE FAC FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF AND SHOULD BE DISMISSED

Plaintiff argues the FAC should not be dismissed because it provides "extreme detail" to explain that Best Buy's website uses "multiple hierarchical points of view," and a "detailed chart" that uses "colors" to match elements to portions of the website's screenshots. (Opp. at 2, 3, 4, 7). Taken as a whole, Plaintiff's entire argument is that the FAC is sufficient because it identifies an accused product (*i.e.*, Best Buy's website) and indicates that the website infringes because it allegedly uses "multiple hierarchical points of view" (*e.g.*, user can allegedly select both "HP" and "Apple" under the "Brand" filter). (Opp. at 2, 4).[3] This argument fails.

Claim 21, the only asserted claim, relates to a "system" for "enabling multiple hierarchical points of view." That system consists of multiple elements, including:

[a] a host processor;

[b] a user interface ***controlled by*** the host processor for inputting points of view to the system;

[c] a connections generator ***controlled by*** the host processor and ***in communication with*** the user interface to ***receive*** the points of view and ***generate connections between elements in the points of view and metadata of data sources***;

---

[3] Plaintiff makes a similar argument on pages 6-7 stating that Ex. A (the accompanying claim chart) pleads that the "user interface allows to input points of view to the system… and provides the image shown [on page 7] corresponding to the claim element matching the color …."

>  [d] a connections database *operated on* by the connections generator in generating the connection and *having a data structure* including *degrees of matching* between data elements in the connections database and the metadata; and
>
>  [e] matching applications *controlled by* the host processor and *operating on* the data sources *to determine* sets of data elements in the data sources *having at least preselected degrees of matching* within the elements in the points of view, the user interface displaying the data elements and degrees of matching for the data elements according to the points of view.

Best Buy's Motion explains how neither the FAC nor the accompanying claim chart identifies (i) "a host processor" (element [a]); (ii) how or whether the user interface is allegedly controlled by the host processor (element [b]); (iii) the presence of a "connections generator" that is "controlled by" the host processor and "in communication with the user interface," let along the generation of "connections between elements in the points of view and/or "metadata of data sources" (element [c]); (iv) a "connections database operated on by the connections generator" "having a data structure" with "degrees of matching" between "data elements … and the metadata (element [d]); and (v) "matching applications" and all of the other aspects of element [e]. *See* Motion, at 5-11. In short, Plaintiff's FAC not only fails to identify how to connect the dots with respect to the different claim elements but fails to even identify the dots. *LS Cloud Storage Techs., LLC v. Amaxon.com, Inc.*, 1:22-CV-1167-RP, 2023 WL 2290291, at *4 (W.D. Tex. Feb. 27, 2023) (granting dismissal where complaint failed to identify what device within Defendant's AWS storage gateway comprises the corresponding limitations), reconsideration denied, No. 1:22-CV-1167-RP, 2023 WL 616 (W.D. Tex. Sept. 21, 2023); *Mosaic Brands, Inc. v. Ridge Walleet, LLC*, No. 2:20-cv-04556-AB (JCx) (C.D. Cal. Sept. 2, 2020) (dismissing complaint because "the Court need not accept as true [Plaintiff's] conclusory allegations that the accused product infringes 'all of the elements' of the claim" where Plaintiff failed to "plausibly identify multiple limitations from the claim").

Plaintiff's arguments to the contrary lack merit. Plaintiff relies on *Fractus*, *Blitzsafe*, *Uniloc*, and *Solocron* to argue its FAC meets the *Twombly/Iqbal* standard. Each of those cases is distinguishable, however. For example, the technology in *Fractus* involved radio frequency antennas. *Fractus, S.A. v. TCL Corp.*, No. 2:20-cv-00097-JRG, 2021 WL 2483155, at *3 (E.D. Tex. June 2, 2021). Although this Court agreed that the Complaint sufficiently identified the devices and mapped closely enough to the claim language to provide the defendant notice, the Court noted the "razor-thin" margin of clearance and that plaintiff's draftsmanship was "lazy-but-lucky." *Id.* In *Blitzsafe*, the FAC specifically identified the defendant's infringing product (*i.e.*, the "infotainment system" and an "audio and multimedia integration system called the Multi Media Interface™ or MMI"), and went on to specifically describe that those systems supported "the integration of third-party external audio devices," "permit an end user to connect a third-party external audio or multimedia device to the car radio," and "[o]nce connected" explained how the user could control the third-party external audio device." *Blitzsafe Texas, LLC v. Volkswagen Group of Am.*, No. 2:15-dv-1274-JRG-RSP, 2016 WL 4778699, at *2 (E.D. Tex. Aug. 19, 2016). Likewise, in *Uniloc*, the Complaint identified the specifically accused software, described its accused functionality, and buttressed those allegations with numerous illustrations further describing the functionality. *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-dv-1168-JRG, 2016 WL 7042236, at *2 (E.D. Tex. May 13, 2016). Finally, in *Solocron*, the Complaint identified a specific accused product (*i.e.*, the Topyx Learning Management System) and specifically how it infringed. *Solocron Education, LLC v. Healthstream, Inc.*, No. 2:16-cv-16-JRG, 2016 WL 9137458, at *3 (E.D. Tex. June 7, 2016).

The FAC, accompanying chart, and asserted claim in this case is different than those of the above-identified cases. First, unlike in the cases above, here the FAC and accompanying claim

chart only generally identify the accused product, *i.e.*, "at least, but not limited to, the Best Buy website https://www.bestbuy.com, among other web addresses." (FAC at ¶ 27). Second, unlike the cases above, here the FAC and accompanying chart fail to specifically identify the allegedly infringing functionality, stating only that "Best Buy makes, sells, advertises, offers for sale, uses, or otherwise provides [a] system for enabling multiple hierarchical points of view," which is simply a recitation of the preamble of claim 21. *Id.* Third, unlike the cases above, here the FAC and accompanying claim chart fail to identify multiple aspects of the accused system, and instead simply point to colored boxes from screen shots without explanation of where or how those boxes purport to show the claimed elements and/or the claimed interrelationships between them. Finally, unlike the cases above, here the claims relate to a less tangible alleged invention, *i.e.*, a system composed of a host processor, a user interface, a connections generator, metadata and data sources, a connections database having a data structure including degrees of matching, and matching applications. And, in addition, here the claims recite multiple connection and control relationships between these different elements, none of which are identified in the FAC or accompanying chart.

Plaintiff's Opposition and representations in other cases reinforce the differences between this case and the authority Plaintiff relies on. Here, for example, although Plaintiff relies on simplicity to justify its spartan pleading, it simultaneously describes the patent in a more complex manner, as "relating to computer database systems and methods, and in particular, database systems and methods that permit the storage, retrieval and manipulation of a given set of data in different contexts." (Opp., at 1). Moreover, in a related case, Plaintiff trumpets the patent's purported highly detailed, technical nature, arguing that terms (*e.g.*, "connections generator," "degrees of matching," and "points of view") require construction to inform the Court's analysis under 35 U.S.C. § 101. *See Global Connect Tech. Inc. v. Costco, Inc.*, No. 2:24-DV-00647 (Dkt.

20), Ex. A, at 3-4 (E.D. Tex. Mar. 7, 2025). This position contradicts its position here that its FAC sufficiently pleads direct infringement because its allegations are "straightforward, easy to understand, and provide clear notice to Best Buy."[4] Ultimately, the differences in the underlying technology, the materiality of the elements to practicing the asserted claim, and the nature of the allegedly infringing device distinguish this case from the cases relied on by Plaintiff, requiring that Plaintiff plead its direct infringement allegations with a commensurate level of detail. *Bot M8*, 4 F. 4th at 1352 ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."). Just as in *Chapterhouse*, 2018 WL 6981828, at *1-2, the screenshot examples purportedly taken from Best Buy's website are not linked to the claim elements and Plaintiff does not explain how the screenshots meet the text of the claim, and the FAC fails to sufficiently plead direct infringement. The FAC should be dismissed.

## III.    THE DISMISSAL SHOULD BE WITH PREJUDICE

Once a party exhausts its ability to amend its pleadings as a matter of course, amendments can only be made with the Court's leave "when justice so requires." Motion, at 11-12; Fed. R. Civ. P. 15(a)(2). Plaintiff does not respond to this argument. Instead, characterizing Best Buy's arguments as "nitpicky" and "minute technicalities" (Opp., at 1, 8), Plaintiff cavalierly suggests that leave should be "freely given," and, without analysis, that none of the five factors articulated in *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) "apply here" due to the early nature of the proceedings. *Id*. at 8. Plaintiff is wrong.

Plaintiff makes no showing that justice requires the Court grant leave to amend. Plaintiff has thrice failed to demonstrate it has a plausible claim for direct infringement. To begin, the

---

[4] Opp., at 1.

Plaintiff could have attempted to plead every limitation in the original Complaint. Next, Plaintiff could have addressed the original Complaint's deficiencies in the FAC. Plaintiff, at that time, had the benefit of Best Buy's initial motion (Dkt. 8), but made the deliberate choice to amend the Complaint to add joint control allegations, but not to address any of the deficiencies raised in that motion. Finally, whether by deliberate choice or because it cannot adequately plead direct infringement, Plaintiff's Opposition does not offer any suggestion of amendments it could make to remedy the deficiencies raised in Best Buy's current Motion. Under these circumstances, justice does not require Plaintiff be given another chance to replead. *Mullen Indus. LLC v. Meta Platforms, Inc.*, No. 1:24-CV-DAE, 2025 WL 326402, at *6 (W.D. Tex. Jan. 29, 2025) (denying leave to amend when plaintiff had "already amended its complaint once in response to [defendant]'s first partial motion to dismiss, which raised the same issues as [defendant]'s instant motion but was dismissed as moot after [plaintiff] amended its complaint"). As Judge Ezra explained, "[Plaintiff] has already been afforded one opportunity to amend and it has failed to provide the Court with additional facts it would plead to cure the defects identified in the Recommendation." *Id.* Leave to amend is not required where movant fails to apprise the court of facts it would plead in an amended complaint to cure any deficiencies. *Id*. (citing *Edionwe V. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017)); *see also Contiguity, LLC v. Conduent Business Serv., LLC*, No. W-23-DV-00038-XR, 2024 WL 252068, at *4 (W.D. Tex. Jan. 22, 2024) (dismissing with prejudice where amended complaint made no changes to address previously raised infringement issue and identified no facts that might cure its pleading deficiencies).

   Plaintiff's approach to these issues further supports a with prejudice dismissal. Contrary to Plaintiff's arguments, Best Buy's arguments are neither "nitpicky" nor "minute technicalities." Best Buy, like any defendant, has the right under Supreme Court precedent to a complaint that

articulates why it is plausible that the accused product infringes.  Here, Plaintiff does not even fully identify the accused product, but rather identifies "at least, but not limited to, the Best Buy's website https://www.bestbuy.com, among other web addresses" (FAC, at ¶ 27), and, as demonstrated herein and in the Motion, does not articulate why it is plausible that any of the claim elements are present.

These failures have real world implications. For example, Defendants typically issue document holds upon receiving notice of potential infringement. Plaintiff's failure makes it difficult to determine the breadth of such a hold, thus increasing the burden. Similarly, Plaintiff's failure makes it more difficult for Best Buy to identify and collect relevant documents, and to identify the correct employees and/or others to interview, thus also increasing its defense burden. In addition, the FAC's deficiencies make it difficult to determine whether third parties may be involved and whether obligations are triggered to, for example, notify others of potential claims for indemnity.

None of these are "minute technicalities" as Plaintiff claims but rather, demonstrate each of the *Smith* factors weigh against granting leave to amend.  First, there has already been undue delay as Best Buy has been forced to file a second motion to dismiss. Second, while it is difficult to prove bad faith, Plaintiff's characterizations of Best Buy's arguments reveal a cavalier attitude towards the Supreme Court's pleading standards. That, coupled with Plaintiff's decision to add a joint infringement allegation in the FAC while failing to address any of the deficiencies Best Buy raised in its original motion, supports at least an inference of bad faith. Third, Plaintiff has already had multiple opportunities to cure the deficiencies but failed to do so.  Fourth, Best Buy has suffered undue prejudice.  Plaintiff's decision to ignore the deficiencies Best Buy raised in its initial motion to dismiss resulted in Best Buy needing to file a second motion to dismiss, thus

increasing Best Buy's defense cost and use of internal legal resources. Finally, Plaintiff has now had two opportunities to cure (or at least address) the deficiencies in the Complaint—the FAC and the opposition to this Motion. That Plaintiff failed to do so in both instances is a strong indication that further amendments would be futile.

### IV. PLAINTIFF CONCEDES IT IS NOT ENTITLED TO DAMAGES BEYOND THE EXPIRATION OF THE '128 PATENT

Plaintiff concedes that the asserted '128 patent has expired and that it does not seek damages beyond the date of expiration. Accordingly, Best Buy's Motion should be granted to the extent the FAC alleged infringement beyond the '128 patent's expiration date.[5]

### CONCLUSION

For the foregoing reasons, Best Buy respectfully requests that the Court dismiss the FAC with prejudice as failing to adequately plead infringement.

---

[5] Curiously, Plaintiff omits the purported date of expiration. Best Buy maintains such is June 13, 2023.

Dated: April 7, 2025

Respectfully submitted,

<u>/s/ Mark C. Nelson</u>
Mark C. Nelson (lead counsel)
TX Bar No. 00794361
David Lisch
TX Bar No. 24077179
BARNES & THORNBURG LLP
2121 North Pearl Street, Ste. 700
Dallas, TX 75201
Tel: (214) 258-4200
Fax: (214) 258-4199
mark.nelson@btlaw.com
david.lisch@btlaw.com

**ATTORNEYS FOR DEFENDANTS BEST BUY CO., INC. AND BESTBUY.COM, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025 a copy of the foregoing document was served via the Court's ECF system on all parties who are deemed to have consented to electronic service.

<u>/s/ Mark C. Nelson</u>
Mark C. Nelson

-11-