IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CHRISTIE'S INTERNATIONAL PLC and CHRISTIE MANSON & WOODS LIMITED, <br><br> *Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00647-JRG <br> (LEAD CASE) |
| GLOBAL CONNECT TECHNOLOGY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> BEST BUY CO., INC. and BESTBUY.COM, LLC, <br><br> *Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00648-JRG <br> (MEMBER CASE) |
| GLOBAL CONNECT TECHNOLOGY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> *Defendant*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00649-JRG <br> (MEMBER CASE) |

**<u>DISCOVERY ORDER</u>**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED AS FOLLOWS**:

1.     **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

      (a)     the correct names of the parties to the lawsuit;

      (b)     the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

  ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to

---

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

> the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and
>
> (c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

> (a) <u>Definitions</u>: For the avoidance of any doubt, as used in this Discovery Order, the "parties" are (1) Plaintiff Global Connect Technology, Inc., and its officers, directors, owners, managers, and employees; and any person or entity that owns greater than 50% of, is owned greater than 50% by, or is under greater than 50% common ownership with Global Connect Technology, Inc, (2) Christie's International PLC and Christie Manson & Woods Limited,[3] (3) Best Buy Co., Inc. and BestBuy.com, LLC (collectively, "Best Buy"), and (4) Costco Wholesale Corporation
>
> (b) <u>Interrogatories</u>: Each party may serve up to twenty (25) interrogatories on another party.

---

[3] Neither Christie's International PLC nor Christie Manson & Woods consent to this Court's jurisdiction, nor have either been served with a complaint in this action.

(c) <u>Requests for Admission</u>: Each party may serve thirty (30) requests for admission on another party. Each party may serve up to thirty (30) Requests that a party admit to (i) the authenticity of a document or thing or (ii) whether a system was "known or used by others" or a document qualifies as a "printed publication" as of a certain date under 35 U.S.C. § 102 (collectively, "Authenticating RFAs")However, the parties are required to meet and confer in good faith prior to serving any Authenticating RFAs to determine whether the requests are necessary and/or reasonable. Authenticating RFAs shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations.

(d) <u>Party Depositions</u>: Each party is allowed no more than thirty (30) hours of oral deposition of party witnesses (including Rule 30(b)(6) and Rule 30(b)(1) depositions but excluding experts). For a party witnesses, no more than seven (7) hours of fact deposition shall be taken of any natural person deposed in his or her personal capacity (i.e., not as a designee of an entity under Rule 30(b)(6)) by each party. Each natural person providing deposition testimony in his or her capacity as a designee of an entity under Rule 30(b)(6) shall simultaneously testify as to information within his or her personal knowledge pursuant to Rule 30(b)(1) unless that witness has already provided deposition testimony pursuant to Rule 30(b)(1), in which case the deposition will be restricted to the particular topics that witness has been designated for pursuant to Rule 30(b)(6). No more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent. Depositions may be conducted virtually, through remote video, if both

parties consent or if necessary to comply with public health orders. Each deposition shall count for at least 3 hours towards the totals listed above, even if the deposition lasts for less than 3 hours on the record. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good cause shown.

(e) <u>Third-Party Depositions</u>: Third-party depositions are to be conducted in accordance with the Federal Rules of Civil Procedure. Each party is allowed up to thirty (30) hours of third-party deposition time. In no event shall any one third-party deposition count for less than 3 hours of deposition time. The parties shall coordinate depositions of third parties to reduce redundancy and inconvenience to the third parties.

(f) <u>Expert Depositions</u>: Depositions of expert witnesses are limited to seven (7) hours per witness per report per party. If a party uses the same expert but submits two reports on two different topics (for example, one relating to infringement and one relating to invalidity), then the other party shall be entitled to fourteen (14) total hours of deposition of that expert (still limited to seven (7) hours per report). However, the parties agree that if any expert report addresses the issues of both infringement/non-infringement and/or validity/invalidity those issues each shall be treated as a separate report for the purposes of the deposition hours limits set forth above.

      (g)      <u>Interpretation.</u> If an interpreter is necessary for a deposition, that witness may be deposed for an additional amount of time up to one-half of the deposition time. [4]

      (h)      For the avoidance of any doubt, discovery obtained by any defendant in their particular case may be used by and relied on by any other defendant in its case.

Any party may later move to modify these limitations for good cause.

**6.**      **Privileged Information.**   There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

---

[4] The limitation on the maximum hours any deponent may deposed in one day still applies; a deposition requiring longer than 7 actual hours shall continue to the next day unless otherwise agreed by the parties.

7. **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that

will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    (a) <u>e-Discovery Order</u>: The parties will move separately for an order regarding e-discovery. The parties agree that this case will not require the search and production of email, absent a showing of good cause. Any party may later move to modify this limitation for good cause or as addressed in the ESI Order.

    (b) <u>Production of Electronic Documents</u>: Electronic Documents shall be produced consistent with the E-Discovery Order to be filed by the parties. Until such time, the parties shall produce electronic documents consistent with the Eastern District of Texas D-Discovery Model Order (https://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf).

    (c) <u>Service by Email</u>: Where technologically feasible, all filings with the Court and other case-related documents will be served via email pursuant to L.R. CV-5(d).

    (d) <u>Items Not Required in Privilege Log</u>: Except as provided under Local Patent Rule 3-7, no party is required to include in a privilege log any documents that came into existence on or after the filing date of the Original Complaint.

(e) <u>Third-Party Depositions</u>: The parties agree to use good faith efforts to consult with each other for scheduling any third-party deposition or inspection.

(f) <u>Non-Waiver of Privilege.</u> A party's inadvertent production of materials covered by the attorney–client privilege, work-product protection, common interest privilege, or similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding. For example, the mere production of privileged or work-product protected documents in this case as part of a larger production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced materials after becoming aware of the production by notifying the receiving party of the assertion of privilege or protection in writing. For any document produced for which such notice is given, the producing party must promptly supply a privilege log supporting the claim of privilege with respect to the materials at issue, thereby enabling the receiving party to dispute the assertion of privilege or protection in accordance with Paragraph 6 above. In response to such notice, the receiving party shall, within at most three (3) days, (i) promptly return and/or destroy the produced materials, and destroy any copies and/or work product created from such materials, or (ii) provide written notice to the producing party that the receiving party is challenging the producing party's assertion of privilege or other protection. If the dispute cannot be resolved, the parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the receiving party shall seek relief from the court within seven (7) days. During the time a challenge is unresolved, and before the Court rules the information is not privileged or protected, the receiving

        party shall use the produced materials only for the challenge and shall sequester the produced materials and any copies and/or work product created from such materials from use for any other purpose.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 15th day of April, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE