**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00647-JRG |
| CHRISTIE'S INTERNATIONAL PLC and CHRISTIE MANSON & WOODS LIMITED, | § § § § § | (LEAD CASE) |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00648-JRG |
| BEST BUY CO., INC. and BESTBUY.COM, LLC, | § § § | (MEMBER CASE) |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00649-JRG |
| COSTCO WHOLESALE CORPORATION, | § § § | (MEMBER CASE) |
| *Defendant*. | § § § | |

# **ORDER**

Before the Court is the Motion to Dismiss First Amended Complaint under Rule 12(b)(6) and Memorandum in Support (the "Motion") filed by Defendant Costco Wholesale Corporation ("Costco"). (Dkt. No. 36.) Having considered the Motion and related briefing, the Court finds that it should be **DENIED WITHOUT PREJUDICE**.

Plaintiff Global Connect Technology, Inc. ("Plaintiff") filed the First Amended Complaint for Patent Infringement against Costco on March 14, 2025. (Dkt. No. 26.) Plaintiff alleges that Costco infringes U.S. Patent No. 7,246,128 (the "'128 Patent"). (*E.g.*, *id.* ¶ 30.) On March 28, 2025, Costco filed the Motion under Federal Rule of Civil Procedure 12(b)(6), arguing that the Court should dismiss the First Amended Complaint because the claims of the '128 Patent are directed to ineligible subject matter under 35 U.S.C. § 101. (Dkt. No. 36 at 1.)

As a threshold matter, the parties dispute whether claim construction is necessary to fully understand the inventive concept and scope of the claim terms in the '128 Patent. Plaintiff asserts that the Court would benefit from claim construction because the parties dispute the scope of certain claim terms. (Dkt. No. 59 at 21-23.) Costco disagrees. (Dkt. No. 36 at 23-24; Dkt. No. 67 at 10.)

The Court is persuaded that claim construction could be of benefit in addressing the issues of eligibility of the '128 Patent. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 767 (Fed. Cir. 2019) ("[I]n some cases the 'directed to' inquiry may require claim construction, which will often involve consideration of the specification."); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (Dismissal at this early stage is appropriate "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law."). Courts have previously noted that determining eligibility under

Section 101 "at the pleading stage is permissible"; however, "those issues are often inextricably tied to claim construction." *E.g.*, *Phoenix Licensing, L.L.C. v. CenturyLink, Inc.*, No. 2:14-cv-965-JRG-RSP, 2015 WL 5786582, at *2 (E.D. Tex. Sept. 30, 2015) (noting that "the need for claim construction is especially apparent … where Defendants dispute the meaning of various terms among the various claims [they] purport[] to be representative of all Asserted Patents").

In light of the parties' claim construction disputes,[1] the Court **DENIES WITHOUT PREJUDICE** Costco's Motion (Dkt. No. 36).

**So ORDERED and SIGNED this 14th day of August, 2025.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] *See MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1375 (Fed. Cir. 2019) (finding that the "district court erred by failing to address the parties' claim construction dispute before" determining patent eligibility).

3