**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00647-JRG |
| CHRISTIE'S INTERNATIONAL PLC, | § § | (LEAD CASE) |
| *Defendant*. | § § § | |

| | | |
|---|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00648-JRG |
| BEST BUY CO., INC., | § § | (MEMBER CASE) |
| *Defendant*. | § § § | |

| | | |
|---|---|---|
| GLOBAL CONNECT TECHNOLOGY, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00649-JRG |
| COSTCO WHOLESALE CORPORATION, | § § | (MEMBER CASE) |
| *Defendant*. | § § § | |

# ORDER

Before the Court is the Motion to Dismiss ("Motion") filed by Defendants Best Buy Co., Inc. and BestBuy.com LLC ("Best Buy"). (Dkt. No. 21.) For the reasons stated below, the Court finds that the Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.    BACKGROUND

Plaintiff Global Connect Technology, Inc. ("Plaintiff") filed its initial Complaint against Best Buy in Case No. 2:24-cv-00648 on August 8, 2024. (No. 2:24-cv-00648 Dkt. No. 1.). That case was consolidated into the above-captioned case on February 18, 2025. (Dkt. No. 10.)

Prior to consolidation, Best Buy filed a motion to dismiss Plaintiff's initial Complaint on February 10, 2025. (No. 2:24-cv-00648 Dkt. No. 8.) Following consolidation, that motion to dismiss was mooted by Plaintiff's filing of its First Amended Complaint ("FAC") against Best Buy on February 24, 2025. (Dkt. No. 13.) The instant Motion was subsequently filed on March 10, 2025.

## II.    LEGAL AUTHORITY

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663 (citing *Twombly*, 550 U.S. at 570). This plausibility requirement does not require that a plaintiff prove its case at the pleading stage, but it "'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.'" *In re Bill of Lading Transmission and*

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

In the context of direct infringement, "a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) (citing 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012)). A plaintiff cannot merely recite the claim elements and conclude that the accused product has those elements. *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Where pictures are relied on in a plaintiff's pleadings, "pictures and generic product descriptions that are not tied to any claim limitations in the asserted claims," standing alone, are unlikely to satisfy the pleading standard. *Golden v. Intel Corp.*, No. 2013-1257, 2023 WL 3262948 at *2 (Fed. Cir. May 5, 2023).

## III.    ANALYSIS

The Motion raises three separate questions: whether Plaintiff's pleadings should be dismissed in their entirety, whether dismissal of the entire FAC (if granted) should be granted with or without prejudice, and whether Plaintiff's damages claims which go beyond the expiration of the Asserted Patent should be dismissed (even if the entirety of the FAC is not dismissed). Each issue is addressed in turn below.

### A.  Plaintiff's FAC

To state a facially plausible claim for relief, Plaintiff must identify which products infringe the Asserted Patent (here, U.S. Patent No. 7,246,128B2 or "the '128 Patent"), and how said products infringe each element of the Asserted Claims (here, claim 21 of the '128 Patent). *See generally Bot M8*, 4 F.4th at 1353. Best Buy identifies five separate elements of claim 21 that it

alleges Plaintiff fails to properly plead infringement of across its FAC and accompanying claim chart. They are: "host processor" – element [a] of claim 21;  "a user interface controlled by the host processor for inputting points of view to the system" –element [b] of claim 21; "a connections generator controlled by the host processor … generate connections between elements in the points of view and meta of data sources" – element [c] of claim 21; "a connections database … having a data structure including degrees of matching between data elements in the connections database and the metadata" – element [d] of claim 21; and "matching applications controlled by the host processor … according to the points of view" – element [e] of claim 21. (Dkt. No. 21 at 6-11.)

For the quoted language from element [a], Best Buy points out and a review of the FAC's claim chart confirms that Plaintiff's allegation is nothing more than a screenshot of Best Buy's website with a red box drawn around the address for the website. (Dkt. No. 21 at 6; Dkt. No. 13-1 at 6.) For the quoted language from element [b], there is a similar screenshot with a red box, as well as a one sentence comment[1] that provides almost no information linking the claim language to the image produced. (Dkt. No. 21 at 7-8; Dkt. No. 13-1 at 7-8.) The claim chart for the other elements of claim 21 proceeds in an almost identical manner, continuing to produce screenshots of Best Buy's website with one or two colored boxes and meager, if any, annotations. (*See generally* Dkt. No. 13-1.) Some screenshots and annotations are repeated, which adds to the ambiguity of the claim chart. (*Id.*; Dkt. No. 21 at 8.)

The text of the FAC itself includes only seven paragraphs discussing Best Buy's infringement, in which the allegations start and end with the statements that "Best Buy makes, sells, advertises, offers for sale, uses, or otherwise provides system for enabling multiple

---

[1] The comment reads, "The user interface allows to input points of view to the system (e.g.'New,' '96 gigabytes,' '48 gigabytes,' '250 GB and up,' '500 GB and up,' and '2 TB and up' under their respective filter).)" (Dkt. No. 13-1 at 6).

hierarchical points of view that utilize the '128 Patent's inventions. has[2] developed of offered systems that infringe the '128 Patent, and which include at least, but not limited to, the Best Buy website https://www.bestbuy.com, among other web addresses," and that "the Accused Instrumentalities include each and every limitation of at least, but not limited to, claim 21 of the '128 Patent, and therefore literally infringe these claims." (Dkt. No. 13 at 8-9.)

While Plaintiff is correct that it need not provide "an element-by-element comparison of the patent with the accused product at the pleading stage" (Dkt. No. 37 at 10), the Federal Circuit instructs that a mere recitation of claim elements and a conclusion that the accused product has those elements does not satisfy the *Iqbal*/*Twombly* standard. *See Bot M8*, 4.F4th at 1353. Neither do pictures and generic product descriptions closely related to the claim language, as Plaintiff has produced with its screenshots, boxes, and sparse annotation in the claim chart. *Golden*, 2023 WL 3262948 at *2. Rule 8 of the Federal Rules of Civil Procedure was intended to "combat the debilitating technicalities and rigidity that characterized the prior" system (*see Blitzsafe Texas, LLC v. Volkswagen Group of Am.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 at *4 (E.D. Tex. Aug. 19, 2016) (internal citation omitted)), but it does not excuse the obligation for a plaintiff's pleadings to provide enough information as to what is alleged to "place the alleged infringer on notice as to what [it] must defend." *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

The FAC here only generally identifies the accused product ("at least, but not limited to, the Best Buy website https://www.bestbuy.com, among other web addresses") and fails to specifically identify the allegedly infringing functionality, making only a recitation of the preamble

---

[2] This typo appears in the FAC and is quoted as written.

of claim 21 of the '128 patent. (Dkt. No. 13 at 8.) Plaintiff has failed to plead facts which, taken as true, state a claim for direct infringement of the '128 Patent by Best Buy. As such, Best Buy's Motion to Dismiss Plaintiff's FAC is **GRANTED**.

### B. Dismissal With Versus Without Prejudice

Best Buy further requests that dismissal in this case be granted with prejudice. (Dkt. No. 21 at 11.) Plaintiff responds that if the FAC is dismissed, it requests leave to amend its FAC. (Dkt. No. 37 at 8.)

Since the Motion relates to Plaintiff's FAC, Plaintiff may only amend its pleading with the Court's leave. Fed. R. Civ. P. 15(a)(2). As Rule 15 instructs, "the court should freely give leave when justice so requires." *Id*. A district court must possess a "substantial reason" to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Fifth Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Id*.

In this case, the Court finds that none of these factors weigh against granting Plaintiff leave to amend the FAC. While Best Buy correctly raises that it filed a previous motion to dismiss directed to the original complaint (which was mooted by the FAC, but which raised very similar issues to the instant Motion) (Dkt. No. 21 at 11), one previous instance of a failure to cure deficiencies is not "repeated." Similarly, the Court does not find that amendment of the FAC would be futile in this case.

Even if those two factors did weight slightly against granting leave to amend, Best Buy does not raise any arguments that Plaintiff has created an undue delay, engaged in bad faith, or will

cause undue prejudice to Best Buy if permitted to submit a Second Amended Complaint. (*See generally* Dkt. No. 21 at 11-12.) On the whole, the *Smith* factors clearly point towards leave to amend being warranted in this case.

As such, the Court finds that justice requires that Plaintiff be given leave to amend its FAC to address the defects identified herein. Best Buy's request for dismissal with prejudice is therefore **DENIED**.

### C.  Plaintiff's Damages Claims Beyond the Expiration of the Asserted Patent

Best Buy points out that in the FAC, Plaintiff both alleges that the priority date of the Asserted Patent is "at least as early as June 12, 2002," and that the '128 patent expires "no earlier than September 22, 2027," with no explanation of why the patent in this case may have a priority date in 2002 and an expiration date in 2027. (Dkt. No. 21 at 13, citing Dkt. No. 13 at 4, 8.)

In Plaintiff's responsive briefing on the Motion, it says only that "[b]ecause the '128 patent has expired, Global Connect did not seek damages beyond expiration." (Dkt. No. 37 at 9.) As such, Best Buy's request that the Court dismiss any damages claims related to the '128 patent that are beyond its expiration date be dismissed is treated as unopposed and is therefore **GRANTED**.

### IV.    CONCLUSION

For the reasons stated herein, Best Buy's Motion to Dismiss (Dkt. No. 21) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's FAC (Dkt. No. 13) is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is **GRANTED LEAVE TO AMEND** its FAC to address the defects discussed above. Plaintiff must amend its FAC by filing a Second Amended Complaint (SAC) herein within the next fourteen (14) days.

**So ORDERED and SIGNED this 21st day of November, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE